Eva HINES, Plaintiff,

v.

**ROYAL INDEMNITY COMPANY,**
Defendant.

Civ. A. 860.

United States District Court
W. D. Kentucky at Paducah.
June 5, 1956.

Garrison, Myre & Myre, Paducah, Ky., for plaintiff.

Charles A. Williams, Ernest W. Rivers, Paducah, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was filed in the McCracken Circuit Court November 28, 1955 by the plaintiff Eva Hines against Royal Indemnity Company and was removed to this Court by the defendant on the grounds of diversity of citizenship between the parties, the amount in controversy being $10,000, exclusive of interest and costs.

It was alleged in the complaint that on the 21st day of September 1955, in the McCracken Circuit Court, plaintiff had obtained a judgment against Jessie Rudolph and George F. Harvey in the sum of $11,350, subject to a credit of $1,350 arising out of personal injuries suffered by the plaintiff on August 22, 1953. She alleged that under date of March 31, 1953, the defendant Royal Indemnity Company had issued to the defendant Jessie Rudolph its policy of liability indemnity insurance covering a 1951 Oldsmobile Sedan and that the plaintiff was injured as a result of the carelessness and negligence of Jessie Rudolph in the operation of the said Oldsmobile Sedan while the policy was in full force and effect; that under the terms of the policy Royal Indemnity Company was liable to the plaintiff in the maximum amount of the policy, to wit, $10,000.

By its answer, the defendant admitted the issuance of the policy and its being in effect at the time of the alleged accident and as a separate defense alleged (1) that Jessie Rudolph breached the conditions, limitations and agreements of the policy, (2) that the assured Jessie Rudolph did not, nor did any one for him, or in his behalf, notify the defendant of the happening of the accident, as required by the terms of the policy, (3) that the assured did not, nor did any one in his behalf, notify defendant of the claim of the plaintiff and that the defendant had received no notice of the service of a summons upon the assured of any action instituted by the plaintiff against Jessie Rudolph et al.; that by reason of such breaches of the contract, the defendant was in nowise liable under the terms of its policy.

Pursuant to an order of this Court, the plaintiff was permitted to and did file reply to the defendant's answer, in which she alleged that the defendant was estopped from relying upon any alleged failure of Jessie Rudolph to notify defendant of the happening of the accident, of plaintiff's claim against her and of the service of the summons in the action instituted by her against Jessie Rudolph. She alleged that any failure on the part of Rudolph to notify defendant of the accident or Rudolph's failure to cooperate in the defense of the action was waived because of the provisions of the Financial Responsibility Law of Kentucky, Sections 187.290 to 187.620, KRS, particularly Section 6, Subsection (1) of the Act, which plaintiff alleged made the liability of the insurer absolute and barred and estopped the defendant from pleading lack of notice or cooperation.

It was further alleged in the reply that after the suit had been instituted by plaintiff in the McCracken Circuit Court against Jessie Rudolph et al., and in time for a defense to be made, Royal Indemnity Company was notified by the plaintiff of the nature and pendency of the

action and failed to interpose a defense and was thereby estopped to plead or rely upon lack of notice or failure to cooperate.

Plaintiff filed on January 3, 1956, a motion for a summary judgment and in support thereof filed the affidavit of Robert L. Myre, plaintiff's attorney in the proceeding in the McCracken Circuit Court and in this Court, in which it was alleged that summons in the suit in the McCracken Circuit Court against Jessie Rudolph and George Harvey was served on Rudolph May 17, 1955 and that on July 15, 1955, Mr. Myre notified the Royal Indemnity Company that suit had been filed, which notice was by letter written to the agents Jordan and Warren, Paducah, Kentucky, through whom the policy of insurance had issued; that during the week of July 22, 1955, the General Adjuster of the Royal Indemnity Company had called Mr. Myre advising him that he had received notice of the lawsuit and that the matter would be referred to an attorney at Paducah; that subsequently another attorney at Paducah contacted Mr. Myre and asked that an extension of time be given in which to file answer, the extension being requested because the Attorney was a candidate for office and was making an active campaign in the Primary Election held on the first Saturday in August 1955; that the case was listed for trial and that no answer being filed, the allegations of the petition were taken pro confesso and the case set for trial September 21, 1955 for an admeasurement of damage; that following the entry of the judgment, an execution issued against Jessie Rudolph, which was subsequently returned "no property found".

February 17, 1956, the defendant filed its response to plaintiff's motion for a summary judgment, supported by affidavits of Charles B. Hines, Casualty Manager of the Royal Indemnity Company at Nashville, Tennessee, William B. Pyle, Claim Manager of Royal at Nashville, Tennessee, and Charles A. Williams, defendant's Counsel in the present action.

It was alleged in the affidavit of Hines and Pyle that Jordan and Warren were not Agents of the Royal Indemnity Company and that the policy was produced by Jordan and Warren under what is known in Kentucky as the "Assigned Risk Plan", which plan is explained in the affidavits as a means of securing insurance for persons otherwise unable to obtain a policy and that such "Assigned Risks" are taken by the various insurance companies operating within an area in the order in which they are determined under the provisions of the plan to be unable to obtain indemnity insurance otherwise. It was further stated in the affidavits that no notice of any kind was given by Rudolph or received by the Company prior to July 20, 1955, when the Company received at its New York office the letter written by plaintiff's Attorneys.

It was stipulated in writing by the parties that the Kentucky State Department of Revenue had not, prior to the date of this accident, required Jessie Rudolph to give or maintain proof of substantial financial responsibility under the provisions of the Financial Responsibility Act, and that this defendant had not certified the policy issued to Jessie Rudolph to the Department of Revenue at Frankfort, as proof of the financial responsibility of Rudolph and the defendant filed its motion for a summary judgment.

The grounds of defendant's motion for a summary were (1) failure of the Insured to give written notice of the accident as soon as practicable (2) failure to forward the summons served on Rudolph alleging that giving notice July 20, 1955 of the accident occurring on August 22, 1953, was not notice as soon as practicable as a matter of law.

The case was tried to the Court without a jury April 27, 1956, at which the evidence was heard and the case has been briefed by Counsel.

The two provisions upon which the defendant relies are paragraphs numbered 1 and 2 of the conditions of the policy

relating to notice of an accident and duty of the Assured to forward to the Company demands, notices and summons received by him on the policy. These conditions are as follows:

"1. Notice of Accident. When an accident occurs Coverages A, B and C. written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of avaialable witnesses.

"2. Notice of Claim Or Suit. If claim is made Coverages A and C. suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

■ The Court finds from the evidence, the stipulation and the exhibits that no notice was given by Jessie Rudolph to the Royal Indemnity Company of the accident and that the first notice that the defendant received was the letter written by Mr. Myre, which was received by the Company twenty-three months after the accident occurred and that Jessie Rudolph did not cooperate, as required by the requirements of the policy. There is no substantial dispute between the parties that this finding is inevitable from the record. Therefore, the question is whether the notice given to the Company by plaintiff's Counsel twenty-three months after the accident occurred meets the requirement of the policy that notice must be given as soon after the happening of the accident as is practicable.

### Conclusions of Law.

I. The Court has jurisdiction of the parties and of the subject matter, Title 28, Section 1332 U.S.C.A.

■ II. The case is controlled by the law of Kentucky. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■ III. Jefferson Realty Co. v. Employers' Liability Assurance Corporation, 149 Ky. 741, 149 S.W. 1011, 1014, was decided by the Kentucky Court of Appeals in 1912. It was there decided that a reasonable compliance with the conditions of a policy of indemnity insurance required the Assured immediately to give written notice of the occurrence of an accident and immediately forward to the Insurer a summons or other process as soon as the same shall have been served on the Insured, which were indispensable to fix liability on the Insurer. The Court there said—

"These conditions are a material and important part of the contract, and should not be deliberately set aside as of no moment."

That case involved insurance on four elevators in the Paul Jones Building in Louisville, upon two of which elevators the Fidelity & Casualty Company of New York had policies of indemnity insurance and the Appellee Employers Liability Assurance Corporation carried insurance on the remaining two elevators. A passenger was injured on one of the elevators and under the mistaken impression that the injury occurred on an elevator covered by the policy of the Fidelity & Casualty Company, that Company was notified of the accident and promptly made its investigation and undertook the defense of the suit filed by the injured passenger, but before the case actually came on for trial, it was discovered that the accident occurred on an elevator covered by the policy of Employers Liability Company. The Fidelity & Casualty Company withdrew from the defense of the action because it had no contractual obligation with the owner of the elevator and the Employers Liability Corporation declined to defend, because of the admitted failure of the owner of the building to give notice of the accident and of the resulting claim. The Court held that the Employers Liability Corporation, having received no notice of the accident and the institution of the suit within a reasonable time after the occurrence of these facts, was not liable notwithstanding the fact that a thorough investigation had been made by the Fidelity & Casualty Company, which Company had turned over its complete files, including statements of witnesses and

the record of investigation made to the Employers Liability Corporation. Deciding that the notice was not given in a reasonable time, it was held that there was no liability on the part of the Company.

In the case of Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S.W.2d 307, the plaintiff Dulaney sustained an injury July 1, 1930. He brought action against the Express Company to recover damages September 11, 1930. Summons was served on the President of the Express Company September 13, 1930. The Sun Indemnity Company had no information of the accident or Dulaney's injury or his claim for damages until shortly after September 13, 1930, when the President of the Express Company delivered to an agent of the Sun Indemnity Company a copy of the summons. It was held that no notice was given to the Insurer by the Insured from July 1st, when the accident happened, until shortly after September 13, 1930. The Express Company became bankrupt shortly after the date of Dulaney's injury and it was sought to hold the Insurer under the provisions in the policy that the bankruptcy of the Assured would not release the Company from any payment for which it would otherwise be liable under the policy. The Court there said that the requirements of the policy for the giving of the notice as soon as practicable after the happening of the accident and prompt delivery of claims, summons and processes received by the Insured to the Insurer conferred valuable rights and our Court quoted, with approval [264 Ky. 112, 89 S.W.2d 310], the following excerpt from its former opinion in Southern Surety Co. of New York v. Heyburn, 234 Ky. 739, 29 S.W.2d 6—

" 'The object and purpose of this provision of the policy was to afford the company an opportunity to make an early and prompt investigation into the claim of loss or injury, not only to learn and ascertain the facts with respect thereto, but also to protect itself from a possible fraudulent and fictitious claim. If there be long delay this purpose of the contract may be wholly defeated, and the insurer deprived of the right to early information in reference to the merits of the claim. The facts may be concealed, witnesses scatter and disappear, rendering a delaying investigation without substantial results.' "

Southeastern Telephone Co. v. Fidelity & Casualty Co. of New York (decided in 1938) 272 Ky. 82, 113 S.W.2d 871, involved a similar question and in that case the notice of the accident was not given for a period of more than two months after its happening. It was held that the Circuit Court, in directing a verdict for the Insurance Company on account of the failure of the Assured to give notice under the requirements of a policy substantially the same as those in the case at bar, was correct.

The holding in the Dulaney case was again considered in the case of Travelers Insurance Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421, 423, and the Court said—

"We think the reasoning in the Dulaney case is sound and is in line with the great weight of authority in other jurisdictions and as it is the last expression of this court on the subject involved, we adhere to it and hold that the breach of a condition subsequent by the insured may be relied on as a defense to an action brought by the injured person against the insurer."

In 1954, the Court of Appeals decided the case of Kentucky Farm Bureau Mutual Insurance Co. v. Miles, Ky., 267 S.W.2d 928, 930. The facts there involved were substantially this:

February 27, 1952, Miles sued the insured Perry to recover damages arising out of an automobile collision. Perry did not defend the action and after obtaining a judgment by default on May 5, 1952, Miles sued the Insurance Company to recover the unsatisfied portion of the judgment against Perry. The Insurer defended on the ground that Perry had breached the condition subsequent in his policy by failing to give written

notice of the accident as soon as practicable and by failing to notify the Insurer of the institution of the suit against him. The Court said—

> "It is now well established in this jurisdiction that the breach of a condition subsequent by the insured may be relied on as a defense to an action brought by the injured person against the insurer."

This question was before this Court in the case of State Auto Mutual Insurance Co. v. Sinclair, D.C., 96 F.Supp. 267, on account of the breach by the Insured of provisions of a contract almost identical with those of the policy involved in this case. It was concluded that the Insurance Company was absolved from liability "by reason of the failure of Tuttle or Sinclair to give notice to the plaintiff (insurer) as soon as practicable after the accident" and that by reason of such breach no liability existed under the policy. Subsequently, in the case of Standard Accident Insurance Co. v. Sonne, D. C., 128 F.Supp. 83, this Court reached the same conclusion under a similar factual situation.

The Court is mindful of Judge Swinford's opinion in the case of Strode v. Commercial Casualty Insurance Co., D.C., 102 F.Supp. 240, affirmed per curiam 6 Cir., 202 F.2d 599, in which Judge Swinford allowed recovery, but it will be borne in mind that in that case that the Insured had appeared at the former trial and testified and offered to testify by deposition in the second trial, which she declined to attend because she lived in a distant State, and the Court entertained serious doubt that she had been properly notified.

There is an interesting annotation on this subject beginning in 18 A.L.R.2d 443, in which many authorities are reviewed and discussed, the great majority of which are in accord with the decisions of the Kentucky Court of Appeals which govern the decision of this case.

It therefore must be held that the plaintiff recover nothing and that her petition be dismissed.