Ida Mae BEAM, Pearl Cabble, and William Thompson, An Infant, Etc., Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Civ. A. 3453.

United States District Court
W. D. Kentucky,
Louisville Division.

June 25, 1958.

Julius Liebson, Wilton H. Long, for plaintiffs.

Edward J. Hogan, John L. Bennett, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was instituted in the Jefferson Circuit Court, Common Pleas Branch, on August 26, 1957, by the several plaintiffs. Plaintiffs sought to recover from the defendant insurance company the amount of three judgments recovered against William Carrier in the Jefferson Circuit Court on January 22, 1957. Ida Mae Beam had there recovered a judgment in the amount of $3,075, Pearl Cabble a judgment in the amount of $2,050, and William Thompson, an infant suing by his father, Richard Thompson, as next friend, a judgment in the amount of $535, each and all of said judgments bearing interest from January 21, 1957, and allowing recovery for costs. The actions arose out of an automobile accident which occurred on June 2, 1956, when an automobile owned and operated by William Carrier came into collision with an automobile operated by plaintiff Ida Mae Beam, in which Pearl Cabble and William Thompson were riding.

On September 13, 1957, the defendant insurance company filed its petition for removal of this action to this Court. At a pre-trial conference, the question of jurisdiction arose as to the actions of Pearl Cabble and William Thompson because said judgments did not involve amounts in excess of $3,000. The parties stipulated that the action instituted by Ida Mae Beam would be tried and would be controlling as to the judgments of Pearl Cabble and William Thompson. The individual plaintiffs are all citizens and residents of Jefferson County, Kentucky, and the defendant is an Illinois corporation.

The complaint in this action alleged that executions had issued against the defendant Carrier, all of which were returned endorsed by the Sheriff, "No property found." It was further alleged that demand for payment was made upon the defendant insurance company, which was refused. The plaintiffs averred that the insurance company had become estopped to question its liability for the judgments and had waived its right to question coverage of its policy or to deny coverage or its liability under the terms of the policy by reason of its employment of attorneys, investigation of the cases, and participation in the trial in the state court where the judgments were rendered. It was claimed that, by failure to defend under a reservation of its rights under its policy, the company had waived its right and had become estopped.

By its answer as amended, defendant insurance company denied liability under the policy by reason of the failure of the insured, Carrier, to cooperate in the defense of the actions; that clause of the policy being as follows:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving

evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

This action was tried to the Court without a jury on May 28, 1958. From the stipulations filed, testimony heard, and exhibits filed, the Court makes the following findings of fact.

### Findings of Fact

(1) Plaintiffs Ida Mae Beam, Pearl Cabble, and William Thompson are each and all residents and citizens of Jefferson County, Kentucky. The defendant, State Farm Mutual Automobile Insurance Company, is a corporation created under the laws of the State of Illinois and domesticated for the purpose of carrying on a casualty and insurance business in the State of Kentucky.

(2) On June 2, 1956, the defendant insurance company had issued to William Carrier and there was in full force defendant's policy No. 339–226–E1217, by which it insured Carrier against any amount, within the limits named in the policy, for which he might become liable on account of bodily injuries.

(3) On June 2, 1956, the insured, Carrier, was operating his automobile when it came into collision with an automobile driven by plaintiff Ida Mae Beam, in which Pearl Cabble and William Thompson were riding.

(4) In actions instituted against Carrier in the Jefferson Circuit Court, Ida Mae Beam recovered a judgment in the sum of $3,075, Pearl Cabble recovered a judgment in the sum of $2,050, and William Thompson recovered a judgment in the sum of $535.

(5) In due season after the accident on June 2, 1956, Carrier notified the insurance company; the insurance company investigated the accident and employed attorneys to represent it in the actions filed by the plaintiffs in the Jefferson Circuit Court. Thereafter, plaintiffs' attorneys sought to obtain the deposition of Carrier for discovery purposes and attorneys for the insurance company, by letter attempted to procure Carrier's presence to give his deposition, but without success.

When the cases were assigned for trial in the Jefferson Circuit Court, letters advising Carrier of the day of the trial and the necessity of his appearing were written to him and a telegram was sent to him by the insurance company's attorneys, all of which he now acknowledges that he received; but he did not respond in anywise to the letters or the telegram nor did he appear at the trial.

When the cases were called for trial, an effort was made by the attorneys representing Carrier at the instance of the insurance company to continue the trial; the motions for continuance were overruled, but the attorneys participated in the trial. The transcript of proceedings in the Jefferson Circuit Court on January 21, 1957, as attested by the official stenographic reporter in that proceeding and made a part of the record in this case by stipulation of counsel in this case, shows that, after defendant Carrier's motion for continuance had been denied, counsel for Carrier stated:

"* * * that on July 31st the defendant was advised of the pendency of this lawsuit; that thereafter, on September 5, 1956, defendant's counsel advised defendant, by letter directed to defendant's address, to appear for the purpose of giving his deposition, and that this letter elicited no response from the defendant; that thereafter, on September 13, 1956, the defendant was again advised by letter by his counsel to appear for the purpose of giving his deposition, and that this letter elicited no response; that on November 19, 1956, the defendant was again advised by his counsel of the pendency of this lawsuit and the date to which it had been assigned for trial, with the request that he appear and co-operate in the defense

thereof; that thereafter, on January 7, 1957, the defendant was again advised by his counsel by letter of the fact that he was required to appear for the purpose of giving his deposition, and that this letter elicited no response; that thereafter, on January 15, 1957, the defendant was again advised by letter by his counsel of the pendency of the lawsuit, together with the date to which it was assigned to trial, being January 21, 1957, and that there was no response to this letter; and that on January 18, 1957, a Western Union telegram was directed to the defendant at his home address in Louisville and to Campbellsville, Kentucky, where it was reported that he might be found, and that the defendant failed to respond to any of the foregoing communications; that on the morning this case was called for trial the sheriff called the defendant in the courtroom and in the adjacent corridors and elicited no response."

Shortly after the trial, Carrier was notified by the insurance company's attorneys that they had defended in the trial under a reservation of rights and disclaimed any liability on account of the policy by reason of his failure to cooperate and participate in the defense of the action.

It is the contention of plaintiffs' counsel that the insurance company could have protected itself from liability only by one of two alternatives, viz., (1) it could have promptly disclaimed liability and withdrawn from the case when Carrier failed to appear at the trial, or (2) it could have continued in the defense with an express and unequivocal notice "to all interested parties" that it did so reserving, and not waiving, its right to later raise the non-cooperation defense in the event of an adverse judgment against the insured. The answer to this contention on each alternative is a question of law. The Court makes the following conclusions of law.

## Conclusions of Law

(1) This Court has jurisdiction of this action as to plaintiff Ida Mae Beam against State Farm Mutual Automobile Insurance Company, the amount in controversy being in excess of $3,000, exclusive of interest and costs, and diversity of citizenship existing between Ida Mae Beam and the defendant insurance company, Title 28, United States Code, Section 1332.

(2) Provisions in insurance policies which provide that the insured shall cooperate with insurer, attend hearings and trials, assist in obtaining attendance of witnesses and in the conduct of trials have been generally regarded as valid requirements and as conditions subsequent, which may operate as a defeasance of liability which has already attached, 5-A Am.Jur., Section 134.

In such instances, the insurer, for a breach of such a condition subsequent, is generally justified in withdrawing from the defense of the action and in cancelling the insured's protection. See 139 A.L.R. page 793.

(3) Liability in this case is controlled by Kentucky law. In the recent case of Kentucky Farm Bureau Mutual Insurance Co. v. Miles, 267 S.W. 2d 928, 930, our Kentucky Court of Appeals said:

"It is now well established in this jurisdiction that the breach of a condition subsequent by the insured may be relied on as a defense to an action brought by the injured person against the insurer."

Such has continuously been the rule in Kentucky since the case of Jefferson Realty Co. v. Employers' Liability Assurance Corporation, 149 Ky. 741, 149 S.W. 1011. It was also the holding in Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S.W.2d 307; Southern Surety Co. of New York v. Heyburn, 234 Ky. 739, 29 S.W.2d 6; Southeastern Telephone Co. v. Fidelity & Casualty Co. of New York, 272 Ky. 82, 113 S.W.2d 871; Travelers Insurance Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421.

518

The same question has been before this Court in the case of State Auto Mutual Insurance Co. v. Sinclair, D.C., 96 F.Supp. 267, and Hines v. Royal Indemnity Co., D.C., 141 F.Supp. 234, and was also involved in the cases of Strode v. Commercial Casualty Insurance Co., D.C., 102 F.Supp. 240, affirmed 6 Cir., 202 F.2d 599, and Travelers Insurance Co. v. Ohio Farmers Indemnity Co., D.C., 157 F. Supp. 54.

 However, the plaintiffs here contend that defendant insurance company's failure to withdraw from representation of Carrier when he failed to appear at the trial constituted a waiver of the breach of condition subsequent and that, by reason of the insurance company's counsel continuing in the defense of the case, the insurance company is now bound by the outcome of that trial.

In the case of Strode v. Commercial Casualty Insurance Co., supra [102 F.Supp. 246], counsel for the insurer had withdrawn when the insured, Mrs. Campbell, declined to appear at a second trial, and in his opinion Judge Swinford said:

"The question of what is and what is no cooperation or non-cooperation cannot be left to the opinion of the parties to the contract. The insurance company should have under the circumstances of this case, even in the absence of Mrs. Campbell, *made the best defense possible* and in the event of a judgment against the policyholder let the court later determine whether or not there had been proper cooperation from the insured. It should not have left Mrs. Campbell without a voice being lifted in her behalf." (Italics added.)

Had the attorneys for the insurance company in the case at bar withdrawn from the case when Carrier failed to appear, there would have been no one to have "lifted a voice" in behalf of Carrier.

The Court concludes that Carrier, by his failure to cooperate in the defense of the action by giving his deposition or by attending the trial and by his failure to respond to any of the letters or requests of the insurer's attorneys to appear for depositions and trial, breached the conditions subsequent of the cooperation clause of his policy and thereby absolved the State Farm Mutual Automobile Insurance Company from liability on the judgment of Ida Mae Beam.

It is therefore concluded that the complaint of Ida Mae Beam be dismissed and, by virtue of the stipulation and lack of jurisdiction of the two remaining plaintiffs Pearl Cabble and William Thompson, the entire complaint should be dismissed. An appropriate order to that effect will be tendered by counsel for the defendant.