**RESERVE INSURANCE COMPANY,**
Movant,

v.

**Kent RICHARDS et al., Respondents.**

Supreme Court of Kentucky.

Oct. 31, 1978.

Rehearing Denied March 20, 1979.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for movant.

Robert L. Bertram, Jamestown, for respondents.

STEPHENSON, Justice.

This appeal involves the question of timely notice in accordance with the provisions of a policy of insurance. The trial court determined the notice to be untimely and granted movant's motion for summary judgment.

The Court of Appeals found the timely notice issue to be a question of fact and reversed the granting of summary judgment.

We granted discretionary review and reverse.

As background to this controversy, on July 1, 1970, an employee of the Russell County Schools filed an action against respondents here in the United States District Court for the Western District of Kentucky. The subject of the lawsuit was the mandatory maternity leave policy of the school board. The district court dismissed the action and was reversed by the Sixth Circuit Court of Appeals on June 1, 1972. Pursu-

ant to the mandate of the Sixth Circuit Court of Appeals, the United States District Court entered judgment in the sum of $4,120 on December 1, 1972, against the school board.

On December 26, 1972, the respondents filed suit against the movant, Reserve, on a policy of liability insurance issued by Reserve to the Kentucky School Board Association. As members of that association, the respondents, the Russell County School Board and its members, were covered by the policy.

Respondents' complaint alleged:

"That on August 19, 1968, the defendant executed and delivered to the plaintiffs, a General Liability Policy No. XGA 001020, insuring the plaintiffs against acts or omissions of the Board and its members arising out of the performance of their duties."

Reserve answered, denying liability and pleading a lack of timely notice in accordance with the notice provisions of the policy which are as follows:

"(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

"(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

After answer Reserve propounded interrogatories to the respondents, in particular the following:

"When did you notify defendant or its agent, Kentucky School Board Association, about the claim which was the subject of *Eliza Chapman Garner v. R. Brooks Bates, et al.*, United States District Court for the Western District of Kentucky, Bowling Green, No. 1444?

"The plaintiffs state that the Kentucky School Board Association was notified by Robert L. Bertram, Attorney for Russell County Board of Education on August 31, 1971."

Prior to submission of the case on Reserve's motion for summary judgment, respondents' attorney filed an affidavit in opposition, in substance stating lack of prejudice to Reserve, that the Kentucky School Board actually knew of the United States District Court suit, although no written notice was given etc.

It is in this posture that the case was submitted to the trial court. Thus according to the record, the insurance policy had been delivered to respondents in 1968, there was no attempt to comply with the notice provisions of the policy until August 31, 1971, when the Kentucky School Board Association was notified some 13 months after suit was filed in United States District Court. The trial court then granted summary judgment in favor of Reserve.

On appeal to the Court of Appeals, respondents interjected a new issue into the case. All of a sudden before the Court of Appeals, respondents argued as a fact that they were unaware of the existence of this insurance policy and *ipso facto* there was a justiciable issue as to whether lack of knowledge excused them from compliance with the notice provisions of the policy. The Court of Appeals considered this issue, raised for the first time at the appellate level, and proceeded to find as a fact that respondents were unaware of the existence of the policy and reversed the trial court. We are of the opinion the Court of Appeals was in error in considering an issue raised for the first time at the appellate level. Movant argues the record before the trial court was devoid of any allegation or inference of this issue; and after examining the record, we also have failed to find any

allegation or argument on this issue by the respondents. This issue was not presented to the trial court and cannot be considered on appeal.

■ Compliance with the notice provisions of an insurance policy is a condition precedent to recovery on the policy. The reasonableness and validity of such provisions in an insurance policy have been consistently recognized. It is not necessary for the insurer to prove actual prejudice from failing to give timely notice. *Jefferson Realty Co. v. Employers' Liability Assurance Corp.*, 149 Ky. 741, 149 S.W. 1011 (1912); *Sun Indemnity Co. v. Dulaney*, 264 Ky. 112, 89 S.W.2d 307 (1936); and *Travelers Insurance Co. v. Boyd*, 312 Ky. 527, 228 S.W.2d 421 (1950).

■ We are of the opinion that a period of 13 months from occurrence to notice is not "as soon as practicable" and is not timely notice so as to comply with a condition precedent to recovery. *Southeastern Tel. Co. v. Fidelity & Casualty Co. of New York*, 272 Ky. 82, 113 S.W.2d 871 (1938). For the purposes of this case we treat the date of filing action in United States District Court as the date of the *occurrence* although obviously claim was made to the school board before that date. Also for the purposes of this case, we treat the equivocal answer to the interrogatory above as the date of notice.

■ We would further point out that when timely notice is made an issue in a case, the insured carries the burden of proof that notice was timely. It is apparent the burden of proof was not satisfied here by respondents.

We are of the opinion the trial court properly granted summary judgment to Reserve.

The Court of Appeals is reversed.

PALMORE, C. J., and LUKOWSKY, STERNBERG, STEPHENSON and REED, JJ., concur.

JONES and CLAYTON, JJ., dissent.

JONES, Justice, dissenting.

With due respect for the opinion of the majority of this Court, I feel constrained to dissent from the views expressed therein concerning the trial court's granting Reserve's motion for summary judgment.

The procedure for summary judgment under CR 56.01 is a handy tool for the bench and bar alike, but it is a drastic remedy because it deprives a party of a trial and results in a final judgment against him. The procedure should not be invoked where a genuine issue of a material fact is involved. CR 56.01; *Conley v. Hall*, Ky., 395 S.W.2d 575 (1965); *Mooser v. Mason*, Ky., 416 S.W.2d 355 (1967). Here, the issue of timely notice is a question of fact and should have been submitted to a jury.

The affidavit of Richards' attorney filed in response to Reserve's motion for summary judgment stated that the Kentucky School Board had knowledge of the action filed in the United States District Court on July 1, 1970.

I would affirm the judgment of the Court of Appeals, and respectfully register my dissent for reasons set out herein.

I am authorized to say that CLAYTON, J., joins in the dissent.