Glenn Robert SHIPLEY, Appellant,

v.

KENTUCKY FARM BUREAU
INSURANCE CO., Appellee.

No. 87–SC–406–DG.

Supreme Court of Kentucky.

March 31, 1988.

Fred E. Fischer, Louisville, for appellant.

George R. Rawlings, Henry V. Sanders, Louisville, for appellee.

STEPHENS, Chief Justice.

The issue to be decided by this appeal is whether the Court of Appeals correctly re-

versed the Jefferson Circuit Court to grant a summary judgment in favor of movant. We hold that it did, and accordingly affirm the Court of Appeals.

The facts are not in dispute. On December 13, 1984, the movant was seriously and permanently injured in a traffic accident while a passenger in an automobile driven by his cousin, Douglas R. Cloyd. Cloyd had automobile liability insurance coverage under a policy with Commercial Standard Insurance Company of Fort Worth, Texas. Attempts were made over a period of months to obtain a settlement, until finally, on November 12, 1985, movant received a letter from the Kentucky Insurance Guarantee Association, informing him of Commercial Standard's insolvency. As movant's mother owned automobile insurance with respondent, notice was forwarded to them on January 9, 1986 of Commercial Standard's insolvency and of the possibility of a claim pursuant to the uninsured motorist coverage which she maintained with her policy.

As an attempt to avoid liability for the claim, respondent sought a declaration of rights in Jefferson Circuit Court. Although respondent maintains that movant failed to comply with the notice provisions of the policy, and thus obviated its responsibility to pay, the Jefferson Circuit Court disagreed. The trial court held, as a matter of law, that movant had notified respondent in a timely manner, within the terms of the policy. On appeal, the Kentucky Court of Appeals reversed, finding rather that the opposite was true. The Court of Appeals held the notice given was not timely, and thus there was no coverage. We granted discretionary review, and affirm the decision of the Court of Appeals.

The relevant notice provisions of the policy provide:

> In the event of an *accident or loss*, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents *as soon as practicable*. (emphasis added).

The language of the policy is clear and unambiguous. It requires notice to be given to the company whenever an *accident or loss* occurs. No mention is made of a claim against the company, simply accidents or losses. Further, the insurance company demanded this notice "as soon as practicable". The accident occurred on December 13, 1984, yet Farm Bureau was not informed until January 9, 1986, over a year later. By that time, the value of investigating the scene would be lost. Places change and people disappear or forget. No doubt the phrase "as soon as practicable" contemplated when the insured was out of intensive care, rather than when he was out of other payment options.

Although it depends upon the circumstances of each case to determine whether notice has been given "as soon as practicable", *Marc Blackburn Brick Co. v. Yates*, Ky., 424 S.W.2d 814 (1968), at a certain point it becomes untimely as a matter of law. It is unnecessary in this case to map out that actual point, because it is clear that 13 months has gone safely beyond what could be considered timely.

Movant argues that until he learned of the insolvency of Commercial Standard, there was no need to notify respondent because respondent had no liability. It was only after certain notice had been received, by either the letter from the Kentucky Insurance Guarantee Association on November 12, 1985, or the answer in the civil action against Douglas Cloyd on January 2, 1986. In relation to either of these dates, movant asserts, the January 9, 1986 notice to respondent would certainly be timely. We disagree. Although movant's analysis would be entirely logical had the plain language of the policy demanded timely notice of a *claim*, it is not an appropriate conclusion for the case at bar. The notice provisions for the uninsured motorist coverage owned by movant's mother state plainly that "in the event of an *accident or loss*" notice should be given to the company *"as soon as practicable."* Surely thirteen

months from the time of the accident on December 13, 1984, to the time of the notification on January 9, 1986, is not as soon as practicable.

Certainly it is well settled in Kentucky that "[i]f the contract language is ambiguous, it must be liberally construed to resolve any doubts in favor of the insured." *Wolford v. Wolford*, Ky., 662 S.W.2d 835, 838 (1984). Nevertheless, the language of Mary Shipley's policy with Farm Bureau was not ambiguous. The provision clearly required notification of the company of the accident itself, not merely claims resulting therefrom. It is reasonable to assume that the language "as soon as practicable" was used to account for policyholders who were injured and unable to notify the company of an accident for a few days or perhaps weeks. There is no indication, however, from the facts of this case, that movant was incapacitated such that he was physically unable to notify respondent for over a year.

Therefore, the plain language of the policy must guide us. We hold that, as a matter of law, the notice movant gave to respondent of an accident with an uninsured motorist was too late to be considered timely within the reasonable confines of movant's mother's uninsured motorist policy.

The decision of the Court of Appeals is affirmed.

GANT, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents in a separate opinion in which LAMBERT and LEIBSON, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent. It was not reversible error for the trial judge to grant summary judgment to Shipley because he gave notice as soon as practicable under the circumstances.

The automobile policy carried by Shipley's mother with Farm Bureau provided in pertinent part, "In the event of an *accident or loss*, written notice containing particu-lars ..., shall be given by or for the insured to the company or any of its authorized agents *as soon as practicable.*" (Emphasis added).

Whether notice has been given as soon as practicable depends on all the circumstances of a particular case. *Marc Blackburn Brick Co. v. Yates*, Ky. 424 S.W.2d 814 (1968). Shipley had no logical basis to believe a claim could have existed under the uninsured motorist provisions of the policy because the Farm Bureau could not have possibly become liable until such time as the insolvency of the primary insurance company occurred. Shipley, as a resident-relative of the household of his mother, had a valid enforceable claim against Commercial Standard until it became insolvent. It was not until January 2, 1986, that Shipley knew with reasonable certainty that the alleged tortfeasor was not insured and consequently it would not have been "practicable" for Shipley to assert an uninsured motorist claim against the insurance company or give the requisite notice until then. When he was first officially aware of the insolvency of the primary carrier, he notified Farm Bureau within one week. We cannot say that the summary judgment was erroneous when notice was "as soon as practicable."

On the policy wrapper were prominent warnings to the policyholder to give notice immediately. The language of the policy governing notice appears at page 17, and it demands notice "as soon as practicable." Shipley was entitled to rely on the formal language of the policy as distinguished from the warnings on the cover and other related pages of the insurance document. Insurance policies are to be liberally construed and any doubts to be resolved in favor of the insured. *Davis v. American States Ins. Co.*, Ky.App. 562 S.W.2d 653 (1978); *Wolford v. Wolford*, Ky. 662 S.W.2d 835 (1984).

*Sun Indemnity Co. v. Dulaney*, 264 Ky. 112, 89 S.W.2d 307 (1936), which requires notice of an accident immediately, is not applicable in this situation. The statement "immediately" is far more precise than "as soon as practicable." The policyholder in

*Sun, supra,* knew exactly how he must respond. Additionally, *Sun* involves a case of liability coverage which is triggered by the occurrence, not uninsured motorist coverage which is not involved until the insolvency of the tortfeasor's auto insurance company occurs. Until there was a rational basis to believe a claim existed under the policy it was not "practicable" to notify the insurer.

*Reserve Ins. Co. v. Richards,* 577 S.W.2d 417 (1979) is distinguishable because it involves a claim of primary liability coverage. In *Richards, supra,* the liability carrier did not receive notice until after judgment was entered against the insured which denied the insurance company any opportunity to defend. In this case, the underlying tort claim had not been prosecuted so as to allow Farm Bureau an opportunity to intervene or otherwise defend.

The decision of the Court of Appeals places an inappropriate burden on policyholders to notify their insurance company of accidents which the insured has no reasonable basis to believe will result in a claim under the policy. It could be argued that under the standards established by the Court of Appeals, all persons injured in an automobile accident caused by another's negligence are now required to presume the insolvency of the primary liability carrier and immediately notify the secondary carrier. Such a requirement is clearly beyond the understanding of the average policyholder and is grossly inequitable.

In considering any insurance contract, effect must be given to the intent of the party as it is expressed in the language used by them. If the language of the policy is reasonably susceptible to more than one interpretation, then we must apply the meaning which is most beneficial to the insured. It should be interpreted in accordance with the way it would be understood by the average person purchasing insurance. *Thomas v. Grange Insurance Ass'n,* 5 Wash.App. 820, 490 P.2d 1316 (1971); *Squires v. National Grange Mutual Ins. Co.,* 247 S.C. 58, 145 S.E.2d 673 (1965).

The notice requirement of the policy is interpreted to mean that the claimant should make diligent efforts to ascertain the correct insurance status of the alleged tortfeasor, to promptly pursue a claim against the tortfeasor and his insurer, and then to notify his own uninsured motorist carrier as soon as practicable after the discovery of the uninsured status of the tortfeasor.

An insured need not comply with conditions precedent to claim against an insurer under uninsured motorist coverage until it is reasonable to do so, and that is when he discovers that he has an uninsured motorist claim or reasonably should have discovered it. Here, when the insured realized that he might have an uninsured motorist claim because of the insolvency of the insurance company of the tortfeasor, he acted with reasonable diligence.

A notice reporting an accident should certainly be sent to an insurance company as soon as it becomes evident that an insured may want to secure compensation from the insurer. In some instances, even though injuries are caused by the negligence of an insured driver, it may ultimately result in a claim under an uninsured motorist coverage. The insolvency of the primary liability insurance carrier certainly creates a situation in which the uninsured motorist coverage becomes critically important as a source of indemnification.

The phrase "as soon as practical" appears in many notification and proof of claim provisions. Here the word "practicable" is used. The two words have a common or shared meaning element, although they are not precisely interchangeable. As colloquial expressions, they are frequently misused. The real test is whether the average person would understand their rights and responsibilities under the policy. This phrase prescribes a flexible time limit. When there are disputes about a claimant's timely compliance with conditions in insurance policies relating to notice of a claim or submission of proof, courts usually evaluate requirements phrased in terms of "as soon as practical or practicable" in relation to what would have been a reasonable peri-

od of time in which to provide notice to the insurer, that is, the requirement that notice of an accident be given as soon as practical means that such proof must be provided within a reasonable time given the circumstances of a particular case.

Here the trial judge was not erroneous in granting a summary judgment because he determined that Shipley had given timely notice. The Court of Appeals was in error when it reversed stating notice was not timely given. An insured does not need to comply with the condition to give notice of a potential claim under uninsured motorist provisions until he discovers that he has an uninsured motorist claim or reasonably should have discovered such.

LAMBERT and LEIBSON, JJ., join in this dissent.