# Travelers Ins. Co. v. Boyd.

December 16, 1949.

Rehearing denied April 25, 1950.

Chester D. Adams, Judge.

Stoll, Keenon & Park for appellant.

C. X. Johnson, and Elwood Rosenbaum for appellee.

Will H. Fulton, Jones, Keith & Jones, John E. Richardson and Uhel O. Barrickman, amici curiae.

JUDGE KNIGHT—Reversing.

On November 3, 1945, a truck owned by Desmond Williams collided with a Dodge automobile owned by appellee, R. C. Boyd, on the state highway between Lexington and Richmond, Kentucky. The truck was being driven at the time by Andrew Stewart for and on behalf

of Williams. The collision damaged the automobile of Boyd, and he later sought recovery therefor, which he claimed to be $490, in an action filed in the Fayette circuit court alleging in his petition that the collision was the result of the negligent operation of the truck by the driver thereof.

Before the collision Williams had procured a casualty or indemnity policy on the truck issued by the appellant, Travelers Insurance Company, in which it agreed to indemnify Williams against loss or damage that might result to persons or property from the operation of the truck. The amount of damage to personal property as limited in the policy was $5,000 and for personal injuries not exceeding $5,000 each for two persons.

Neither Williams nor Stewart defended the action, nor did either of them appear at the trial and testify. An answer, however, was filed by the insurer of the truck which contained a general denial of the material averments of the petition and a plea of contributory negligence. Appellee recovered judgment against both Williams and Stewart for the sum of $300 upon which execution issued and later returned "no property found."

Appellee, Boyd, then filed a supplemental petition in the nature of a bill of discovery in which he made appellant a defendant and alleged, "that he is informed and believes and therefore alleges that the defendant, Desmond Williams, had in force an insurance liability policy with the defendant, Travelers Insurance Company, at the time of the automobile accident which was the basis of the action resulting in the judgment against the said Williams."

In that amended petition (bill of discovery) the appellee herein sought judgment against the Travelers Insurance Company for the amount of the judgment he had recovered against the insured owner of the truck whose alleged negligence produced the damage to his automobile. Appellant answered relying as a defense on two provisions in the policy that it issued on the truck of Williams and which was in force at the time of the collision. One of the provisions was that "written notice shall be given by or on behalf of the insured to the company" of any accident coming within the provisions of the policy, and the other was that the insured would, if an accident covered by the policy occurred, cooperate

with and assist the insured at any hearing that might be had either in or out of court in which damages were claimed for which the insurer was made liable under the terms of the policy. It then alleged that the insured, Desmond Williams, failed to perform either of those obligations which are essentially conditions subsequent. The court sustained a demurrer to that answer and on failure of appellant to plead further rendered judgment in favor of appellee against appellant for the amount of appellee's judgment, interest and costs, and from that judgment appellant has filed a transcript of the record in this court with a motion for an appeal which is sustained and the appeal granted.

## The Question Stated

In sustaining the demurrer to the answer of appellant the lower court held, as a matter of law, that appellant could not rely on broken conditions subsequent contained in the policy as a defense to an action brought by the injured or damaged person which was produced by the negligent operation of the insured vehicle. That is the main question involved in this appeal. To state it more concretely, the question for decision here is this: Where the insured has breached the terms of his policy contract by failing to give written notice of the accident to his insurer as soon as practicable or by failing to co-operate with his insurer in the defense of the case, can these breaches be set up as a defense against an action by one who has obtained a judgment against the insured, in a direct action against the insurer?

When this question first came before this court in the case of Metropolitan Casualty Co. v. Albritton, 214 Ky. 16, 282 S. W. 187, decided in 1926, it was answered in the negative. In the Albritton case there had been no failure to give notice, as required by the policy, but there was a failure to co-operate and assist in the defense, as required by another provision of the policy. It was held in that case that the failure of the insured to co-operate and assist in the defense of the original action was no defense to a subsequent suit brought by the damaged person against the insurer. Almost ten years later the question again came before this court in the case of Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S. W. 2d 307, 310, the opposite conclusion was reached and the question presented was answered in the affirma-

tive. In that case there had been a failure of the insured to give immediate written notice of the accident, as required by the policy, and this court held such notice was essential.

Although the Albritton case, supra, was cited in the Dulaney case, it was not discussed nor was it expressly overruled. Both cases involved breaches of conditions subsequent by the insured, though each involved a different breach. Both of the conditions subsequent which were involved in those cases were involved in the instant case, i. e., failure to give notice and failure to co-operate. The whole question here involved has been the subject of two extensive annotations, one in 85 A. L. R. 20 and the other in 106 A. L. R. 516. These annotations show the great weight of authority to be in accord with the decision of this court in the Dulaney case. In discussing the conflict between this court's decisions in the Albritton and Dulaney cases, the latter annotation, supra, said (page 533):

"Although the defense which was allowed in the Dulaney Case was based on the failure to give notice, and the defense disallowed in the Albritton Case was based on the breach of the co-operation clause, and there are other differences between the provisions involved in the respective cases regarding the conditions of the insurer's liability to the injured person, the later case seems to overrule, in effect, the earlier case, and to put Kentucky in accord with the general rule on the subject."

We think the reasoning in the Dulaney case is sound and is in line with the great weight of authority in other jurisdictions and as it is the last expression of this court on the subject involved, we adhere to it and hold that the breach of a condition subsequent by the insured may be relied on as a defense to an action brought by the injured person against the insurer. While the Albritton and Dulaney cases are not distinguishable on the broad ground that both represented breaches of conditions subsequent, they can be distinguished on the narrower ground that each involved a breach of a different condition. It might well be argued that the giving of notice, as was involved in the Dulaney case, is of the greater importance to the insurer in order that it may take such steps as are necessary for defense of the action. It

might also be argued on the other side that failure of the insured to co-operate, while important to the insurer, might open the door to collusion between the insurer and insured to defeat the injured person since he has no way to compel this co-operation. Since the case at bar did involve the failure to give notice, as did the Dulaney case, it is here only necessary to follow the principles laid down in that case.

## The Financial Responsibility Act

At the time the accident herein involved occurred on November 5, 1945, and at which time the policy involved was in effect, there was in effect the so-called Financial Responsibility Act of 1936 enacted by the Legislature of that year and compiled as Chapter 187, KRS 1944 edition. It is the contention of appellee that it was the intention of the Legislature in the enactment of the 1936 act to create an independent right of action by the injured person against the insurer, notwithstanding the failure of the insured to observe or comply with conditions subsequent contained in the policy, such as failure to give notice or failure to co-operate, although such failure on his part would constitute a defense to an action brought by the insured against the insurer. He contends that the decision of this court in the Dulaney case, which was decided in 1935, is no longer applicable since the Financial Responsibility Act of 1936 was in effect when this accident occurred. It is the contention of the appellant that the Financial Responsibility Act of 1936 has no application to the case here involved because the policy was not furnished as proof of ability to respond in damages under the act.

The policy herein sued on was not a policy which had been executed in accordance with the 1936 act as proof of ability of the original defendants Williams or Stewart to respond in damages nor was it so alleged in the petition. Therefore the policy sued on never came within the purview of the 1936 act because the license of Williams, the policyholder, had never been suspended, no unsatisfied judgment had been reported to the motor department and no certificate of insurance had ever been issued to him or been filed with the motor department. Now had the license of Williams or Stewart been suspended under the provisions of the act for anything arising out of this accident in which appellee Boyd

was damaged and they had then filed with the department a certificate of insurance as proof of their ability to respond in damages, then the 1936 act would apply to any policy issued under that certificate. The whole spirit and tenor of the 1936 act is that it acts *in futuro*. It does not apply to the first accident nor is it applicable where the insured had not been required to furnish proof of his ability to respond in damages by taking out a liability policy covering an accident occurring thereafter. While the 1936 act, as it relates to the question involved, has not been construed in this jurisdiction similar acts have been so construed in other jurisdictions. They hold that first accidents do not come within the purview of such acts. Hill v. Standard Mutual Casualty Co., 7 Cir., 110 F. 2d 1001 (Indiana); Rasinski v. Metropolitan Casualty Ins. Co., 117 N. J. L. 490, 189 A. 373; Nulter v. State Road Commission, 119 W. Va. 312, 193 S. E. 549, 194 S. E. 270; and Cohen v. Metropolitan Casualty Ins. Co. of N. Y., 233 App. Div. 340, 252 N. Y. S. 841, 842.

Condition No. 7 of the policy here involved provides that such insurance as is afforded by the policy shall comply with the provisions of the motor vehicle financial responsibility law of any state "which shall be applicable." As we construe this, it means that if such law is not by its terms applicable, then other provisions of the policy govern.

Since the present policy was not executed by the parties in accordance with or to meet the terms of the 1936 act or for the purposes thereof, the statute can have no bearing in this case.

The motion for an appeal is sustained, the appeal is granted, and the judgment is reversed.

Judge Thomas dissenting.