## STATE AUTO. MUT. INS. CO. v. SINCLAIR et al.

### Civ. No. 1552.

United States District Court
W. D. Kentucky, at Louisville.

Nov. 24, 1950.

J. Paul Keith, Jr., and Jones, Keith & Jones, all of Louisville, Ky., for plaintiff.

Albert F. Reutlinger, Louisville, Ky., for defendants, William D. Heissler, Margaret Heissler and William H. Heissler.

Louis H. Jull, Louisville, Ky., for defendant Bruce Hardy.

SHELBOURNE, Chief Judge.

The complaint, in this action, was filed November 5, 1948, by the plaintiff, State Automobile Mutual Insurance Company, against Ray Sinclair, William H. Tuttle, Bruce Hardy, William H. Heissler, William D. Heissler, and Margaret Heissler.

Jurisdiction exists by reason of the diversity of citizenship, the requisite amount in controversy being present.

In substance, the complaint alleges that on September 16, 1947, plaintiff delivered to the defendant Tuttle, a policy insuring the legal liability of the defendant, subject to the terms and conditions of the policy, by reason of the operation of his automobile described in the policy as a 1938 Dodge Sedan.

One of the general conditions contained in the policy is—"1. Notice of Accident, Coverages A, B, and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

April 4, 1948, defendant Ray Sinclair is alleged to have been driving the Tuttle car with the consent of its owner, when it collided with the automobile of Bruce Hardy and William H. Heissler.

All defendants named in the caption of the complaint were allegedly making claims.

It was alleged that plaintiff, despite the provision of the policy requiring written notice to be given plaintiff as soon as practicable after the occurrence of an accident, received no report of the accident until July 3, 1948, when summons was served in an action filed in the Jefferson Circuit Court at Louisville, Kentucky, by Margaret Heissler, then an infant, suing by her Mother and Next Friend, against Ray Sinclair and William Tuttle and seeking damages aggregating $12,350. on account of personal injuries sustained in the accident.

The plaintiffs sought in this Court a declaration of rights and judgment that there was no coverage under the policy mentioned, because of the alleged breach of the condition with respect to the notice.

Plaintiff sought an injunction of prosecution of actions in the Jefferson Circuit Court until an adjudication of the rights of the parties with respect to the duty of the plaintiff to defend said actions and be bound under the policy could be determined in the present suit. This action was dismissed without prejudice as to the defendant William D. Heissler on November 30, 1948. Margaret Heissler, suing in this action, by her Father-in-law, William D. Heissler, filed answer and counterclaim and made her action a cross-claim against the defendant Ray Sinclair. The prayer of that pleading is that the complaint as to her be dismissed and "for judgment against the plaintiff and Ray Sinclair and each of them jointly and severally in the sum of $5,000", together with interest and costs.

Defendant William H. Heissler filed his answer to the complaint December 1, 1948.

One of the affirmative defenses to plaintiff's claim to release by reason of failure on the part of Tuttle to give notice of the accident was that in the action pending in the Jefferson Circuit Court on October 8, 1948, the State Automobile Mutual Insurance Company had filed pleadings through its Attorneys Jones, Keith & Jones, on behalf of the Assureds Tuttle and Sinclair, and assumed the defense of that action.

December 13, 1948, William H. Heissler and Margaret Heissler demanded trial of the issues by a jury.

March 1, 1949, defendant Tuttle was served with process and on March 16, 1949, filed answer. April 12, 1949, the plaintiff filed its motion to dismiss the answer of the defendant William H. Heissler and the answer and counterclaim of the defendant Margaret Heissler on the grounds that— (a) the said answer did not state facts sufficient to constitute a defense to the complaint herein and—(b) the counterclaim of the defendant Margaret Heissler did not state facts sufficient to constitute a cause of action against the plaintiff.

At the same time, plaintiff filed its reply to paragraph 3 of the answer of William H. Heissler and to the answer and counterclaim of defendant Margaret Heissler.

In the reply, it was alleged that the defense of the action in the Jefferson Circuit Court had been undertaken by the plaintiff under a "Reservation of Rights"—that is by agreement with the Assureds William H. Tuttle and defendant Ray Sinclair—that plaintiff's defense in that action was without prejudice to any of plaintiff's rights under the policy and without waiving its denial of any liability by reason of the failure to give notice.

April 15, 1949, the counterclaim of Margaret Heissler was dismissed as to William H. Tuttle. Defendant Ray Sinclair, having filed no answer or responsive cross pleading to the claim of Margaret Heissler, the allegations of her cross claim, except for damages, were taken as true and a jury fixed the amount of her damages at $1,000, for which appropriate judgment was entered on May 24, 1949.

There was also submitted to this jury the issue between the plaintiff and William H. Tuttle as to whether or not notice had been given "as soon as practicable after the accident", and the jury in response to an interrogatory determined that the notice given to the plaintiff by defendant Tuttle

on July 6, 1948, of the happening of the accident on April 4, 1948, was not given as soon as practicable.

Plaintiff, thereafter filed its motion for judgment in accordance with the prayer of its complaint.

The case is presently before the Court on plaintiff's motion for judgment in accordance with the prayer of the complaint.

A decision on this point was deferred to await final action by the Court of Appeals of Kentucky in the case of Travelers Insurance Company v. Boyd, 312 Ky. 527, 228 S.W.2d 421.

In the Boyd case, the first question determined was that where the insured had breached the terms of his policy contract by failing to give written notice of the accident to his insurer, as soon as practicable, such breach of the terms of the policy could be set up by the insurer as a defense to any direct action against the insured instituted by one who had obtained a judgment against the insured.

The Court of Appeals, in that case, reviewed its previous decisions on this point —Metropolitan Casualty Company v. Albritton, 214 Ky. 16, 282 S.W. 187, and Sun Indemnity Company v. Dulaney, 264 Ky. 112, 89 S.W.2d 307—where opposite conclusions had been reached on the question of breach by the insured of subsequent conditions with respect to notice and failure to cooperate in the defense. The Kentucky Court of Appeals affirmed its previous decision in the Dulaney case.

Under the authority of that case, and the verdict of the jury in this case, it is here held that the failure on the part of W. H. Tuttle to give notice as soon as practicable, after the accident, which occurred April 4, 1948, constituted a breach of the terms of his policy and that the defendant, Margaret Heissler, is not entitled to recover from the plaintiff the $1,000 awarded her by the jury on account of the negligent operation of Tuttle's automobile by defendant Sinclair.

The defendant invoked here, as was invoked in the case of Travelers Insurance Company v. Boyd, supra, the defense that in the enactment of the Financial Responsibility Law, Chapter 187 KRS by the Legislature at its 1946 session, there was created an independent right of action by an injured person against an insurer, notwithstanding the failure of the insured to observe or comply with conditions subsequent contained in the policy, such as failure to give notice or failure to cooperate, although such failure on the assured's part would constitute a defense to an action brought by the insured against the insurer.

It is claimed that the doctrine of the Dulaney case is no longer applicable, by reason of the provisions of the Financial Responsibility Act of 1946.

It is the contention of the plaintiff that the Financial Responsibility Act is not applicable here, because the policy of insurance was not furnished as proof of ability to respond in damages under the Act.

The 1946 Financial Responsibility Act— KRS 187.290 to 187.620 has not been construed by the Kentucky Court of Appeals. In Travelers Insurance Company v. Boyd, supra, that Court sustained the contention of the insurer that the intent of the General Assembly and the terms of the 1936 Act had no application to the first accident of an insured and was applicable only where the insured had been required to furnish proof of his ability to respond in damages in one of the methods provided for by that statute,—the taking out of a liability policy to cover subsequent accidents being one of the methods.

Defendants contend here that the 1946 Act—KRS 187.290 to 187.620 applies not only to subsequent accidents, but to any accident occurring during the life of the policy.

They cite and rely upon the case of Consolidated Shippers, Inc. v. Pacific Employers Insurance Company, 45 Cal.App.2d 288, 114 P.2d 34, 36.

In that case, the insurance coverage was issued under the provisions of the Motor Carrier Act of 1935, 49 U.S.C.A. § 315, which section provides that the Interstate Commerce Commission, under authority of the Act may order and the case recites that the Commission has ordered that policies of public liability insurance covering motor

vehicles contain the following indorsement —"Nothing contained in the policy or any other endorsement thereon, nor the violation of any of the provisions of the policy or of any endorsement thereon by the Insured, shall relieve the Company from liability hereunder or from the payment of any such final judgment."

The Kentucky Financial Responsibility Act contains no such provision. Section 187.490(6) (a) provides in part—"The liability of the insurance carrier with respect to the insurance required by KRS 187.290 to 187.620 shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs * * *."

The term "motor vehicle liability policy", as used in KRS 187.290 to 187.620 means— "* * * an owner's or an operator's policy of liability insurance, certified as provided in KRS 187.470 or 187.480 as proof of financial responsibility, and issued, except as otherwise provided in KRS 187.480, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured."

Section 187.470 provides that proof of financial responsibility be furnished by filing with the Department (Department of Revenue) the written certificate of any insurance carrier duly authorized to do business in Kentucky, certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. This section also provides that such certificate shall give the effective date of the motor vehicle liability policy and that that date shall be the same as the effective date of such certificate.

"Proof of financial responsibility" is defined by subsection 11 of 187.290 KRS as —"Proof of ability to respond in damages for liability, on account of accidents occurring *subsequent* to the effective data of said proof, arising out of the ownership, maintenance or use of a motor vehicle * * *." (Emphasis added.)

In the case at bar, there is no evidence that the license of Tuttle or Sinclair or the registration of Tuttle's automobile, any or all, were suspended and no evidence that the policy of insurance issued by plaintiff ever became a motor vehicle liability policy, certified as "proof of financial responsibility".

In the absence of a construction of the Act by the Kentucky Court of Appeals, it is necessary that this Court construe the Act. It is, therefore, concluded that the plaintiff is entitled to a judgment absolving it from any obligation to defend the actions instituted by the defendants in this action, arising out of the accident April 4, 1948, when the defendant Tuttle's automobile was being driven by defendant Ray Sinclair and that by reason of the failure of Tuttle or Sinclair to give notice to the plaintiff as soon as practicable after the accident, the terms of the insurance policy were breached, and specifically that the plaintiff is not liable for the payment of the judgment in favor of Margaret Heissler against Ray Sinclair.

Judgment in accordance will be submitted by plaintiff's Counsel, upon notice to opposing Counsel.