**KENTUCKY FARM BUREAU MUT. INS. CO.**

v.

**MILES.**

Court of Appeals of Kentucky.

May 7, 1954.

Harlan Heilman, Carrollton, for appellant.

William G. Reed, Carrollton, for appellee.

STEWART, Justice.

The question raised on this appeal is whether the breach by the insured of certain conditions subsequent contained in an automobile liability policy may be relied on as a defense in an action brought by the injured person against the insurer.

The facts, developed solely by the pleadings, disclose that on February 27, 1952, appellee, Raleigh Miles, sued Luther Perry to recover alleged damages of $750 arising out of a collision between automobiles owned by appellee and by Perry. The latter did not appear and defend the action, so that a judgment *pro confesso* was entered May 5, 1952. Thereafter an execution issued and was levied on personal property which, when sold, partly satisfied the judgment, leaving a balance due of $684.25.

Before the collision Perry had procured an automobile liability policy from appellant, Kentucky Farm Bureau Mutual Insurance Company, in which it agreed to indemnify the insured against loss or damage up to certain limits which might result to persons or property from the operation of Perry's automobile.

In this action appellee sought below to recover from appellant under the coverage of this policy his judgment debt against Perry. Appellant's answer alleged Perry had breached certain conditions subsequent contained in his policy, first, by failing to give written notice of the accident to appellant as soon as practicable; secondly, by failing to notify appellant at any time of the suit instituted by appellee against him; and lastly, by failing to co-operate with appellant by appearing in court and defending the action, with the result that a judgment *pro confesso* was entered against the insured. It was further pleaded that the violation of each of these conditions was a material breach and that by reason thereof appellant was relieved of any liability under the insurance policy.

In the answer it was also averred that appellant had on April 7, 1952, as required by KRS 187.330(4) of KRS Chapter 187, known as the "Financial Responsibility Law," issued Form SR–21 to the Department of Revenue at Frankfort showing that an automobile liability policy had been executed and delivered to Perry prior to the date of the accident and which was in effect at that time, but appellant denied that it had, and alleged that it had never, issued Form SR–22 to the Department, as defined by KRS 187.290(11) and mentioned in other sections of the Act. Form SR–22 covers a case where a policy has been fur-

nished within the purview of the Act as proof of ability to respond in damages.

A demurrer, filed to the answer, was sustained by the lower court and, appellant refusing to plead further, the court thereupon dismissed the answer and awarded judgment for the foregoing amount in favor of appellee. This motion for an appeal challenges the correctness of this ruling.

It is appellee's contention that all defenses as to liability under the policy, insofar as the insurer and the insured are concerned, cease when, as was done in this case, the insurer, in conformity with KRS 187.330(4) of the Financial Responsibility Law, filed Form SR-21 with the Department of Revenue at Frankfort. This was the statutory notice, as we have mentioned, that the policy was in effect at the time of the accident. Appellant maintains, on the other hand, that the Act, in a case such as this, does not apply to the first accident of a motor vehicle operator and was meant only to require compliance with its terms after the motorist's license had been suspended, upon a report to the Department that he had not satisfied a judgment against him growing out of the operation of his machine, in order that he might continue to drive his motor vehicle on the streets and highways of the Commonwealth.

The demurrer to the answer admits facts that will defeat a recovery by appellee against appellant, by reason of the failure of the insured to observe the above recited conditions subsequent in the policy, unless the Financial Responsibility Law creates an independent right of action by the injured person against the insurer. By the great weight of authority a breach of contractual provisions relating to acts or omissions subsequent to the accident is, in the absence of collusion between the insurer and insured, available to the insurer as against the injured person, if, in the circumstances, it would have been available against the insured. See 29 Am.Jur., Insurance, Sec. 1090, p. 817. It is now well established in this jurisdiction that the breach of a condition subsequent by the insured may be relied on as a defense to an action brought by the injured person against the insurer. See Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S.W.2d 307.

While the Financial Responsibility Law, which was amended in 1946, has not been construed by this Court, as it relates to the question involved, an act of 1936 in most respects identical to the one in controversy was interpreted in the Boyd case, cited above, and there we said [312 Ky. 527, 228 S.W.2d 423]: "* * * The whole spirit and tenor of the 1936 act is that it acts in futuro. It does not apply to the first accident nor is it applicable where the insured had not been required to furnish proof of his ability to respond in damages by taking out a liability policy covering an accident occurring thereafter. * * *"

Had the accident occurred while the Act of 1936 was in force, it is clear appellant would be under no liability to either appellee or the insured. Appellee contends here, however, that the Act of 1946 applies not only to subsequent accidents but to any accident that may occur during the life of the policy. We disagree. A careful reading of the entire Act of 1946 discloses that it refers repeatedly to "future accidents" and that, similarly to the Act of 1936, it operates in futuro. Our interpretation of the Act of 1946 is the same as that arrived at in the United States District Court of Kentucky for the Western District in State Auto Mutual Insurance Company v. Sinclair, 96 F.Supp. 267, and in Strode v. Commercial Casualty Insurance Company, 1952, 102 F. Supp. 240. We think each of these cases correctly decided the issue under discussion.

We therefore conclude that the defense of non-co-operation bars a recovery under the policy and that, since the policy sued on was not executed to meet the requirements of the present Financial Responsibility Law, the Act can have no bearing in this case. It follows that the lower court erred in sustaining the demurrer to the answer.

Wherefore, the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.