124 So.2d 580 (1960)
Douglas JOHNSON, Plaintiff and Appellant,
v.
UNIVERSAL AUTOMOBILE INSURANCE ASSOCIATION et al., Defendant and Appellee.
No. 134.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
*581 Joseph H. Kavanaugh, Baton Rouge, for plaintiff-appellant.
Watson, Blanche, Wilson, Posner & Thibaut; by David W. Robinson, Baton Rouge, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action brought by the plaintiff as administrator of the estate of his minor child, Russell T. Johnson, for personal injuries sustained by the child while riding as a passenger in a car owned and driven by Calvin M. Brantley, a resident of *582 Detroit, Michigan. The defendants are Brantley and his liability insurer, Universal Automobile Insurance Association, an Indiana corporation not authorized to do business in Louisiana. The lower court sustained an exception of no cause of action filed by the defendant insurer. From this judgment plaintiff has appealed.
The exception is based upon exclusion clause (e) of the policy which provides that the insurance coverage does not apply to "* * * any claims for loss or damage arising from injuries to or death of an occupant of the insured automobile, * * *". The defendant contends that this exclusion is applicable because plaintiff's petition alleges that the injured minor was an occupant of the insured automobile at the time of the accident.
Appellant urges reversal on three grounds:
(1) That the exclusion is contrary to public policy in the State of Louisiana, and, therefore, unenforceable;
(2) That the exclusion is contrary to the law of the State of Michigan, where the policy was issued and, therefore, under the terms of Condition 24 of the policy, the contract is automatically amended to conform to the statutes of Michigan, which said statutes afford in this case a cause of action against the defendants;
(3) That coverage is afforded by Condition 8 of the policy which provides that the coverage shall comply with provisions of the Motor Vehicle Financial Responsibility Law of any state which shall be applicable.
With regard to plaintiff's first argument, counsel has not cited nor have we found any authority for the proposition that it is against the public policy of the State of Louisiana for an insured to issue a policy excluding liability as to an occupant of the insured vehicle. In the absence of statutory regulations to the contrary, insurers and their policy holders may contract for such limitations of the insurer's liability as they wish. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72, 125 A. L.R. 1075; McDowell v. National Surety Corporation, La.App., 68 So.2d 189; Kennedy v. Audubon Insurance Company, La. App., 82 So.2d 91; Appleman, Insurance Law and Practice, Section 4412.
We also find no merit in plaintiff's second argument, which is that this policy which was issued in Detroit, Michigan, must be construed so as to comply with the law of Michigan (M.S.A. 9:2101, Comp.Laws Supp.1956, § 257.401) that the driver of an automobile is liable for injuries to a guest passenger if said driver is guilty of gross negligence or wanton conduct. Condition 24 of the policy states that:
"Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."
Even though the Michigan statute relied upon may impose liability upon the driver of an automobile for injuries to a guest passenger, it does not necessarily impose such liability upon the driver's insurer. No Michigan statute has been called to our attention which requires that all insurance policies issued in said state contain a provision covering guest passengers. The policy in this case is, therefore, not in conflict with the cited Michigan statute and the policy, therefore, need not be construed so as to conform to such statute.
The principal issue in this case is the construction of the policy Condition 8, which reads as follows:
"8. Financial Responsibility Laws. Coverages A and B. Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility of law of any state or province which shall be applicable with respect *583 to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The Assured agrees to reimburse the Underwriters for any payment made by the Underwriters which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." (Emphasis added.)
Briefly stated, it is the contention of the plaintiff that under the provisions of Condition 8 quoted above the Motor Vehicle Financial Responsibility Law of Louisiana is applicable here by reason of Part II of the Act (LSA-R.S. 32:871-878), which provides for the deposit of security following a first accident on penalty of the driver's license or motor vehicle license being suspended. Plaintiff argues that the purpose of Condition 8 is to permit the insured to travel throughout the United States and have the minimum automobile liability insurance required by the financial responsibility statutes of the various states of the union so that if he is involved in an accident which makes him subject to the provisions of a financial responsibility law, he can, under the provisions of Condition 8, present this policy as compliance with the requirement for deposit of security as to the first accident in order that he might avoid suspension of his driver's license or motor vehicle license.
It is the contention of the defendant insurer that our financial responsibility law is not applicable within the meaning of Condition 8 because, insofar as the record shows, this was the insured's first accident and he is not required by our statute to carry any liability insurance whatsoever until after he has been involved in an accident on the highways of our State. Part III of the Act (LSA-R.S. 32:891-908) provides that whenever a person has been involved in an accident which results in a final judgment against him, he must show "proof of financial responsibility" as to future accidents on penalty of having his driver's license suspended. One of the methods provided for showing "proof of financial responsibility" is to file with the Commissioner a "motor vehicle liability policy", duly certified by the insurer and containing the minimum coverages specified in LSA-R.S. 32:900. Defendant contends that the financial responsibility law does not become applicable until the insured has been required under Part III of the Act to furnish such a "motor vehicle liability policy".
The defendant has cited the cases of Kennedy v. Audubon Insurance Company, La.App., 82 So.2d 91, and New Zealand Insurance Company, Ltd. v. Holloway, D.C., 123 F.Supp. 642, but although these cases are informative on the issue involved, we do not find them controlling for the reason that the insurance policies involved in both of these cases specifically provided that the coverages thereunder should not be construed to comply with the Motor Vehicle Responsibility Law of any state. The policy provisions in those cases are the exact opposite of Condition 8 of the policy under consideration here, which provides that coverage shall comply with the Motor Vehicle Financial Responsibility Law of any state which shall be applicable.
Although there is no reported Louisiana case dealing with a policy condition similar to Condition 8 as quoted above (The Louisiana Motor Vehicle Safety Responsibility Law was not adopted until 1952.), there are a great many reported cases from the appellate courts of our sister states and from various federal courts interpreting almost identical policy provisions under very similar financial responsibility statutes. The overwhelming majority of these courts have reached the conclusion that a policy provision such as that contained in Condition 8 quoted above does not cause a financial responsibility act to become applicable as to the first accident, the sole effect of such *584 a condition being that the financial responsibility law is applicable only where the insurance is required by statute or the policy has been properly certified and accepted as meeting the requirements for "proof of financial responsibility" for future accidents. In the case of Gabler v. Continental Casualty Company, Mo.App.1956, 295 S.W. 2d 194, 196, the Court, in a well-reasoned opinion, held, as follows:
"Plaintiff asserts that the safety responsibility law of Illinois is the law to which Condition 6 refers, while garnishee maintains that the safety responsibility law of Missouri controls. We have concluded that neither safety responsibility law is applicable. The requirement of Condition 6 that the insurance afforded by the policy shall comply with the provisions of any (safety responsibility) law which "shall be applicable' means that before any such law shall control it must apply; that the policy shall comply with the statute when the statute is applicable, and conversely, if such law is not by its terms applicable Condition 6 does not affect the case and other provisions of the policy govern. McCann for Use of Osterman v. Continental Casualty Company, 1956, 8 Illd 476, 134 N.E.2d 302; Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; State Farm Mutual Automobile Ins. Co. v. Cooper, 4 Cir., 1956, 233 F.2d 500. Neither safety responsibility law is applicable for the reason that the policy of insurance was entered into by the parties prior to the occurrence of the accident, voluntarily, and not in compliance with the sanctions or compulsions of either safety responsibility law. * * *
* * * * * *
"With but few exceptions the courts of other jurisdictions have construed the same or similar policy provisions as we have construed Condition 6 under comparable safety responsibility laws. We refer to but need not re-cite the 15 cases cited in Perkins v. Perkins, supra [Mo.App., 284 S.W.2d 603]. Additional cases supporting our view include the following: Hill v. Standard Mutual Casualty Co., 7 Cir., 110 F.2d 1001; Anderson v. American Automobile Ins. Co., 50 R.I. 502, 149 A. 797; Farm Bureau Mutual Automobile Ins. Co. v. Georgiana, 14 N.J.Super. 459, 82 A.2d 217; Rasinski v. Metropolitan Casualty Ins. Co., 117 N.J.L. 490, 189 A. 373; Sutton v. Hawkeye Casualty Co., 6 Cir., 138 F.2d 781; Travelers Ins. Co., v. Boyd, supra; Barkley v. International Mutual Insurance Co., 1955, 227 S.C. 38, 86 S.E.2d 602; State Farm Mutual Automobile Ins. Co. v. Cooper, supra.
"The rationale of these cases is that the safety responsibility laws do not provide for compulsory motor vehicle liability insurance; that they are prospective in intendment, operate in futuro and are based upon the philosophy that every dog is allowed by the law one free bite; that such laws apply only to a second accident and not to a first accident; that there is no requirement that the owner or operator of a motor vehicle carry a policy of liability insurance or that it contain any particular provisions unless and until the safety responsibility law has been invoked by the occurrence of some event resulting in the order of a state official that security be deposited or that proof of financial responsibility be made; that the policy must be a `required' policy before the provisions of the safety responsibility law are to be incorporated therein."
In the case of Hoosier Casualty Company of Indianapolis, Indiana, v. Fox, D.C., 102 F.Supp. 214, 229, a Federal District Court pointed out the importance of the distinction between the "security following accident" *585 and "proof of financial responsibility" under the Iowa statute, and held as follows:
"The distinction between the security and proof sections is very important, and it is significant that the Legislature very carefully separated those two sections. In 33 Iowa Law Review 522, 527 (1948), it is stated: "An appreciation of the distinction between security and proof of financial responsibility is basic to an understanding of the Iowa or similar acts. Security, i. e., the furnishing of collateral of one type or another to cover liability of the person secured for damages in the accident which brought the law into play, is retrospective in operation. Proof of financial responsibility, * * * is prospective in operation and refers to evidence of ability to meet possible judgments arising out of the future ownership, maintenance, or operation of motor vehicles.
* * * * * *
"The kind of policy referred to in Sec. 321A.21(6) (a) is a `motor-vehicle liability policy' which has been certified as proof of future financial responsibility. The words `motor vehicle liability policy' are used in the Act as a term of art, having reference only to policies certified as proof under the proof section of the Act. This is to distinguish such a policy from the `automobile liability policy' which can exempt an operator or owner from furnishing security under Sec. 321A.5 of the Act.
"The policy in question was not a `motor-vehicle liability policy', as the term is used in the Act. No allegation is made that Wayne R. Fox has ever had his license suspended for failure to satisfy a motor vehicle accident judgment. Some claim is made that his operator's license has been suspended or revoked in the past because of criminal convictions, but it does not appear that the Commissioner has ever required him to furnish proof prior to reinstatement of his license. The proof provisions of the Act are not automatic. No one has to furnish proof until the Commissioner tells him he must do so if he wants his operator's license or registration reinstated. Compare United States Casualty Co. v. Timmerman, 1935, 118 N.J.Eq. 563, 180 A. 629, and Rasinski v. Metropolitan Casualty Ins. Co., 1937, 117 N.J.L. 490, 189 A. 373, where New Jersey courts treat a motorist's liability policy as being subject to the proof requirements of the New Jersey Act then in effect if the insured had previously had a $100 accident, whether or not the Commissioner had acted."
* * * * * *
"Of the cases cited, only the cases of State [Auto] Mut. Ins. Co., v. Sinclair [D.C., 96 F.Supp. 267]; Farm [Bureau] Mutual Automobile Ins. Co. v. Hammer [4 Cir., 177 F.2d 793], and State Farm Mutual Automobile Ins. Co. v. Arghyris arose under statutes like Iowa's, having both security and proof provisions. The other cases cited were decided under earlier statutes, having proof provisions only. However, the rule developed in the earlier cases to the effect that the Financial Responsibility Acts do not affect `voluntary' policies, not certified as proof, is still applied in the cases interpreting the new type Acts. The Commissioner cites some dictum in Travelers Ins. Co. v. Boyd, supra, which arose under the old type Act, to the effect that the new 1946 Kentucky Act, Acts 1946, c. 118, which is said to be like the Iowa Act, requires `proof of ability to respond in damages' immediately upon the happening of the accident, for that accident and for all future accidents. In State Auto Mut. Ins. Co. v. Sinclair, supra, a subsequent Federal case applying Kentucky law, the contention was rejected that the Act affects policies not certified as proof. The Court points *586 out that the policy in question was not certified as proof of financial responsibility under the new Kentucky Act, and holds, after discussing the Boyd case, that the Act does not take away the insurance carrier's right to avoid the policy."
From the above cited cases, it is apparent that almost without exception the Federal Courts, as well as the appellate courts of other states, have held under policy provisions almost identical to Condition 8 quoted above that financial responsibility laws are not applicable to the first accident because under statutes similar to ours no motorist is required to carry any insurance whatsoever until he has become involved in his first accident and, as a result thereof, has then become subject to the provisions of the financial responsibility law. The Act certainly does not apply automatically and without any specific statutory or contractual provision to damages arising out of a first accident. We agree with the view expressed by the great majority of the appellate courts of our sister states that a policy provision such as Condition 8 does not constitute a contractual agreement that the policy shall, in effect, be amended so as to include the provisions of the Motor Vehicle Financial Responsibility Law which in defining "motor vehicle liability policy" (LSA-R.S. 32:900) would require coverage as to injuries suffered by an occupant of an automobile. The defendant, Brantley, has never been required to furnish a motor vehicle liability policy, as defined in LSA-R.S. 32:900, which must be certified as proof of financial responsibility and clearly pertains only to future accidents. (The motor vehicle liability policy defined in LSA-R.S. 32:900 is not the same as the "automobile liability policy" which is described in LSA-R.S. 32:872, Sub-section C in Part II dealing with deposit of security. The latter need not be certified and need not contain all of the coverage required of a "motor vehicle liability policy".) Nowhere in the Act do we find that a person can be required to carry liability insurance of any type in order to operate a vehicle on the highways of this State until after he has first had an accident and thereby been brought within the application of the Act.
For the reasons hereinabove set forth, the judgment of the District Court sustaining defendant's exception of no cause of action and dismissing this suit is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.