The AETNA CASUALTY & SURETY COM-
PANY OF HARTFORD, CON-
NECTICUT, Appellant,

v.

Florence MARTIN, Administratrix of the
Estate of Maynard Martin, de-
ceased, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1963.

Rehearing Denied May 1, 1964.

J. Woodford Howard, Howard, Francis
& Howard, Prestonsburg, for appellant.

Cordell Martin, Hindman, D. G. Boleyn,
Hazard, Hollie B. Conley, Prestonsburg,
for appellees.

ALEX P. HUMPHREY, Special Com-
missioner.

Appellee Florence Martin, Administra-
trix, recovered judgment in the Knott Cir-
cuit Court for $21,500 against appellee Troy
Mullins for damages on account of the death
of her decedent occasioned by an automobile
accident. Troy Mullins carried a liability
policy with the appellant, Aetna Casualty
& Surety Company, which was in force at
the time of the accident. Following the
issuance of an execution on the judgment
and its return unsatisfied, this action was
instituted by the administratrix as a benefi-

ciary under the policy against the appellant and against the appellee, Mullins, by way of a bill of discovery. Mullins has cross-claimed against the appellant for the amount of judgment against him and also for recovery of his attorney's fee and costs in defending the wrongful death action. The instant case was submitted to the court on the pleadings and depositions taken, and judgment was entered against the appellant upon the findings and conclusions.

The accident happened on August 16, 1958. Suit was filed by the administratrix on August 30th, and summons was issued and served on Mullins on September 4th. No notice of the accident or the execution of the summons was given the appellant until November 6th following, at which time appellant disclaimed any liability under the policy because of the breach by Mullins of the conditions of the policy to give notice to the company of the accident "as soon as practicable" and in addition, to "immediately forward to the Company" process issued upon the complaint against the insured.[1] Answer in the original suit was filed by Mullins on his own in mid-November, the first deposition was taken on December 11th, and the action did not come to trial until the September, 1959, term of court. The defense to the claim of the administratrix was vigorously pursued by Mullins to its conclusion.

Mullins was a policeman employed by the trustees of the town of Wayland in Floyd County. The decedent met his death while driving an automobile being pursued by Mullins into Knott County. Mullins' defense to appellant's position of no liability under the policy because of failure to re-port the accident was that he had not come into collision with the automobile of the deceased but was 600 feet behind when it ran off the road. He therefore assumed no claim could arise.

The complaint of the administratrix subsequently filed, however, alleged that Mullins operated his automobile in such a negligent manner as to run it into the car being driven by the deceased, causing his death. The suit was filed in Hindman in Knott County, and summons was served on Mullins in Wayland, sixteen miles away. Mullins made no effort to investigate the nature of the suit, assuming that his liability insurer would tend to it, until early November when he sent his assistant to Hindman to find out what was being done. Whether as a result of the information received by Mullins from the assistant, or advice from the town trustees who also had become aware of the pending claim, Mullins informed appellant's local agent on November 6th of the accident and the resulting lawsuit. Shortly thereafter Mullins was told by the agent and by appellant's local counsel that the appellant would do nothing in the matter.

Appellees argue here that the notice given within sixty-four days after the service of the summons was timely. They contend that the burden is upon the appellant to show prejudice to it by the failure of this notice.

▊ It is settled that a breach of a condition subsequent in a liability insurance policy of the kind involved here is a valid defense to an action under the policy. Jefferson Realty Co. v. Employers' Liability Assur. Corp., 149 Ky. 741, 149 S.W. 1011; Sun Indemnity Co. v. Dulaney, 264 Ky. 112,

---

1. "CONDITIONS

"1. NOTICE OF ACCIDENT. When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and cir-cumstances of the accident, the names and addresses of the injured and of available witnesses.

"2. NOTICE OF CLAIM OR SUIT. If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

89 S.W.2d 307; Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421.

■ There is some difficulty in holding as a matter of law that Mullins' failure to notify the appellant of the accident between the time of its occurrence and the time of the receipt by him of the summons in the consequent lawsuit constituted a breach of the policy condition. An insured has some latitude in informing or not informing liability insurers where he is doubtful that a claim will arise. Southern Surety Co. of New York v. Heyburn, 234 Ky. 739, 29 S.W. 2d 6.

■ There is, however, no question that as a matter of law there was a breach of the condition in the policy by Mullins in waiting more than sixty days before forwarding the process to the appellant. The term "immediately forward" means within a reasonable time. Southern Surety Co. v. Heyburn, supra. Mullins' failure was due simply to his lack of interest in promptly informing himself of the nature of the claim against him and his unwarranted assumption that the appellant would protect him and itself without action on his part. The inquiry into whether or not there was prejudice to the appellant occasioned by this unreasonable delay is not germane; prejudice to the insurer is presumed. Jefferson Realty Co. v. Employers' Liability Assur. Corp., supra.

■ It is, therefore, our opinion that there is no liability of the appellant under its contract of insurance to either the appellee Mullins as a party to the contract, or to the estate of the appellee administratrix, since the beneficiary is in no better position than the contracting party through whom the claim is derived. Travelers Ins. Co. v. Boyd, supra.

It is recommended that the judgment be reversed, with directions to enter judgment for the appellant.

The opinion is approved by the court and the judgment reversed with directions to enter judgment for the appellant.