FRUGÉ, Judge.
Plaintiff, Richard E. McCoy, a serviceman stationed at Fort Polk, Louisiana, brought an action seeking damages for injuries sustained in an automobile accident which occurred in the City of Oakdale, Louisiana. Mid-South Insurance Company was made a defendant in the suit under its policy issued to David E. Ball, the owner-operator of the vehicle in which plaintiff was a guest passenger. David Ball at the time of the accident was also a soldier stationed at Fort Polk.
Defendant, Mid-South Insurance Company, moved for summary judgment on the basis of non-coverage under the terms of its public liability policy issued to David E. Ball. The motion for summary judgment was granted by the district court and plaintiff’s suit as to Mid-South Insurance Company was dismissed. Plaintiff takes this appeal.
Defendant-appellee, in support of its motion for summary judgment, relies on the exclusionary provision of its policy, which provides:
“This Policy Does Not Apply:
* * * * * *
“(i) Under Coverage A against any claims for damages on the part of any gratuitous passenger in or upon the insured vehicle, and this will include the named insured, the spouse of the named insured, or an additional named insured.”
It is undisputed that plaintiff was a gratuitous passenger in the Ball automobile.
Plaintiff contends (1) that such an exclusionary clause is invalid as being against the public policy of this state, and, alternatively, (2) that the exclusionary provision is inoperative since the policy was obtained by the insured with the intent of satisfying the Fort Polk traffic regulations which allegedly require a serviceman stationed at Fort Polk to present evidence of liability insurance complying with the Louisiana Motor Vehicle Financial Responsibility Statute before being permitted to operate his automobile on that military post.
As to plaintiff’s first contention, this court, in Johnson v. Universal Automobile Insurance Association, La.App. 3rd Cir., 124 So.2d 580, with regard to a very similar exclusionary provision, held that it was not against the public policy of the State of Louisiana for an insurer and an insured, by contractual agreement, to exclude from liability coverage the occupants of the insured automobile. We remain of the opinion that such an exclusionary clause limiting the liability of the insurer is valid in the absence of statutory regulations to the contrary. See Kennedy v. Audubon Insurance Co., La.App. 1st Cir., 82 So.2d 91.
In support of his second contention, plaintiff relies on Paragraph 3 of the policy, which provides:
“(3) Financial Responsibility Laws —Coverages A and B. When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability, or for property damage liability shall, subject to the limitations of coverage and exclusions and limits of liability, comply with the motor vehicle responsibility law of any state, to the extent of coverage and limits of liability but in no event in excess of limits of liability stated in this policy. * * *»
*262 Plaintiff contends that by application of Paragraph 3 the policy should be construed to comply with the Louisiana Motor Vehicle Financial Responsibility Law, since the policy was obtained by Mr. Ball for purposes of complying with the Fort Polk traffic regulations.
The Fort Polk traffic regulations, as a prerequisite to registration of a motor vehicle on the post, require evidence of liability insurance on the vehicle, which insurance “as a minimum must cover operation of the motor vehicle on this installation.” The Fort Polk traffic regulations further provide,
“4. In the absence of specific instruction to the contrary, the motor vehicle laws of the State of Louisiana apply on this installation.”
Conceding, arguendo, that the Fort Polk regulations are applicable in the determination of this litigation, we are of the opinion that these regulations are unavailing to the plaintiff. Plaintiff argues that Paragraph 4 of the regulations make applicable the Louisiana Motor Vehicle Financial Responsibility Law. In our view, however, Paragraph 4 of the regulations seems to adopt the general motor vehicle law of Louisiana, part of which law is that evidence of financial responsibility is not a prerequisite to operating a motor vehicle until the operator has been involved in one automobile accident. Johnson v. Universal Automobile Insurance Assn., supra; LSA-R.S. 32:891-32:908
It therefore appears that even if the policy was issued with the intent of fulfilling the requirements of the Fort Polk traffic regulations, those regulations do not require military personnel to maintain liability insurance which affords coverage as to guest passengers injured while the vehicle is being operated on Louisiana highways. The only requirement appears to be that there must be coverage for liability arising out of operation of the vehicle on the Fort Polk installation. As previously noted, the accident did not occur at Fort Polk but occurred within the city limits of Oakdale, Louisiana.
No authority having been cited us that requires the policy at issue to contain more favorable coverage than is extended therein, we are of the opinion that the trial court properly sustained defendant’s motion for summary judgment. Accordingly, the judgment is affirmed; cost of this appeal to be borne by plaintiff.
Affirmed.