**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Mary BOSTON, Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1969.

Rehearing Denied April 25, 1969.

Victor W. Ewen, Jones, Ewen, Mac-Kenzie & Peden, Louisville, for appellant.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellee.

DAVIS, Commissioner.

This is an appeal from a summary judgment involving uninsured motorist provisions in an automobile insurance policy issued by Allstate Insurance Company to the husband of the appellee, Mary Boston. The summary judgment awarded recovery in favor of Mrs. Boston against Allstate in the sum of $4,204.59 with interest. The critical question is whether Mrs. Boston is barred from the uninsured motorist coverage of the policy by reason of her failure to comply with certain policy provisions.

The evidentiary material upon which the summary judgment was based reflects that on November 11, 1967, an automobile being operated by Mrs. Boston was struck from the rear by a car operated by Thomas Barbour, while Mrs. Boston's car was stopped in a line of traffic in Louisville. A report of the accident was made to Allstate November 13, 1967. On the next day, three days after the accident, Mrs. Boston filed suit in the Jefferson Circuit Court against Barbour seeking recovery for her personal injuries and special expenses. Summons was served on Barbour on the day the suit was filed, so that his answer to the complaint was due December 4, 1967. CR 12.01.

One of the provisions of the uninsured motorist coverage, as contained in the insurance policy, provided:

"Notice of Legal Action

If, before Allstate makes payment of loss hereunder the insured or his representative shall institute any legal action for bodily injury against any other person operating an automobile involved in the accident, a copy of the Summons and Complaint or other process served in

connection with such legal action shall be forwarded immediately to Allstate."

It is undisputed that no copy of the summons or complaint in Mrs. Boston's action against Barbour was ever furnished to Allstate. The record discloses a letter bearing date of December 14, 1967, addressed to Allstate by Mrs. Boston's attorney, which we quote:

"December 14, 1967

Mr. Luther Cox, Claim Agent
Allstate Inusrance Company
4300 Taylorsville Road
Louisville, Kentucky 40220

    Re: Mary Boston vs. Thomas J.
      Barbour
      No. 113571
      Common Pleas Branch
      Fourth Division
      Allstate Policy No. 12 537
      066

Dear Mr. Cox:

This letter will confirm our several phone conversations concerning the above styled case in which your assured Mary Boston was injured as a result of the defendant striking the rear end of her automobile while she was in the line of traffic. The defendant was served with Summons on November 14, 1967, and an Answer was due on December 4, 1967, but he has failed to respond.

On December 5, 1967, the defendant was served with a Subpoena directing his appearance in our office on Saturday morning, December 9, 1967, at 9:00 A. M. for the purpose of giving his deposition. He did not respond.

On December 11, 1967, we directed a letter to the defendant and requested that he report to our office on December 14, 1967, at 2:30 P.M. and give his deposition and advised him that upon his failure so to do that we would apply to the Court for an order of arrest. Application is being made to the Court tomorrow morning for such an order.

This case will appear on the docket tomorrow morning, December 15, 1967, at which time we are going to move the Court for a Default Judgment.

We are furnishing you with the within information for the reason that our client's Liability Policy referred to herein contains uninsured motorist coverage and since it is indicated from the defendant's conduct that he does not have insurance, ultimately we shall be looking to your Company for satisfaction of our claim.

We shall be glad to discuss this matter with you.

    Yours truly,
    HARGADON, HARGADON,
    LENIHAN & HARBOLT
    By /s/ Harry L. Hargadon"

We may assume that the letter was received by Allstate on December 15, 1967, although the record in this respect is not clear. It appears that there was some inexplicable clerical delay in channeling the quoted letter to the ultimately responsible officer of Allstate. In any event, a default judgment in favor of Mrs. Boston against Barbour was entered on December 15, 1967, and the case was assigned for a hearing on assessment of damages to January 19, 1968, at which time damages were assessed and judgment entered in favor of Mrs. Boston against Barbour for $4,204.59.

It is not definitely shown when Mrs. Boston first learned that Barbour was an uninsured motorist. For our purposes, we will assume that she did not possess this information when the suit was filed or when the quoted letter of December 14, 1967, was written.

Allstate did not make any response to the letter of December 14, nor did it respond to other correspondence informing the company of the default judgment and the assessment of damages. In March 1968, the present action was filed wherein Mrs. Boston seeks to recover from Allstate the judg-

ment awarded her against Barbour, an uninsured motorist.

The parties are in accord that the law is well settled respecting conditions precedent, prescribed in liability insurance policies, as they affect failure of the insured to comply with policy provisions concerning suits brought *against* the insured. Cf. Aetna Casualty & Surety Company of Hartford, Connecticut v. Martin, Ky., 377 S.W. 2d 583. Appellant has called attention to Hatchett v. Nationwide Mutual Insurance Company, 244 S.C. 425, 137 S.E.2d 608; Creteau v. Phoenix Assurance Co. of New York, 202 Va. 641, 119 S.E.2d 336; and State Farm Mutual Insurance Co. v. Duncan, 203 Va. 440, 125 S.E.2d 154. In those cases, recovery was denied the insured because of the insured's failure to comply with the policy provisions relating to transmitting summons and complaint in any action brought by the insured arising out of an automobile accident before payment of any claim. Both Virginia and South Carolina have uninsured motorist acts which provide that a copy of the summons issued to the uninsured motorist be served on the insurer. Our only statutory reference to uninsured motorist coverage is found in KRS 304.682 and does not contain any such requirement.

Appellee maintains that substantial compliance with the policy provisions was had. She calls attention to Harleysville Mutual Casualty Co. v. Blumling, 429 Penn. 389, 241 A.2d 112, 115, in which it is noted that "the purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers." Appellee also relies on Squires v. National Grange Mutual Insurance Co., 247 S.C. 58, 145 S. E.2d 673, in which the South Carolina court permitted recovery under the uninsured motorist provisions. In Squires, the defendants had liability coverage when suit was brought by the insured, but the defendants' insurer disclaimed liability. The insured then notified his own company of the situation, and the South Carolina court considered this to be substantial compliance with the policy requirements.

Appellee contends that it would be unrealistic and harsh to impose upon the insured the responsibility of knowing whether the defendant is insured or uninsured when the suit is brought. On the other hand, there is a patent reason why the liability carrier must be afforded early and ample notice that its insured has set in motion the processes of law by bringing suit against the adverse driver. The insurance company's potential exposure to liability arises as soon as the suit is filed by its insured. The company is entitled to inform itself as to whether the adverse driver is an uninsured motorist and is also entitled to full opportunity to make such defenses against recovery by its own insured as may be properly available. The same principles which impel courts to hold that an insured can be barred from coverage by failure to comply with policy provisions relating to notice of actions against him are applicable in situations in which the insured files suit in his own behalf. The prudent course is to notify the insurer whenever action is instituted, as required by the policy.

We are not to be understood as holding that the literal failure to transmit a copy of the summons and complaint will, in all cases, bar an insured from the benefits of uninsured motorist coverage, but we do hold that the failure to notify Allstate until the day of obtaining a default judgment falls short of compliance with the policy provisions, substantial or otherwise. On the showing in the present record, Allstate presented a valid defense to the action.

It was error to enter summary judgment for the appellee. The judgment is reversed for further proceedings consistent with this opinion.

All concur.