Joseph Gerard **HURST**, by his next friend, Eva Rogers, Appellant,

v.

**WEST AMERICAN INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1974.

John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellant.

John L. Bennett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

STEINFELD, Justice.

James Norman Rogers, while insured by State Farm Insurance Company under an automobile liability policy, had an automobile accident. State Farm filed the papers necessary to show that its policy met the requirements of KRS 187.330 and thus to exempt Rogers from suspension of his operator's license. Later, Rogers secured an automobile liability policy from appellee West American Insurance Company, which policy contained a household-exclusion provision. While the latter policy was in force, appellant Joseph Gerald Hurst, a member of Rogers' household, was injured through the negligent operation of an automobile owned and driven by Rogers. Hurst secured a judgment, which was unsatisfied; wherefore, Hurst sued West American. From a summary judgment dismissing the complaint, Hurst appeals. We affirm.

In response to West American's reliance on the household-exclusion provision, Hurst contends that the West American policy was issued to comply with the Financial Responsibility Act and that this law prevented the incorporation of a household-exclusion provision in the policy. He relies on such cases as Tharp v. Security Insurance Company of New Haven, Ky., 405 S.W.2d 760 (1966), in which we said that an exclusionary clause was repugnant to the provisions of the Financial Responsibility Act. However, in *Tharp,* the policy in question was one that the motorist was required by the Act to obtain as proof of financial responsibility. There, the driver's license of the insured Goad had been revoked because he was convicted of operating a motor vehicle while intoxicated. In order to show future financial responsibility under the Act, Goad obtained automobile liability insurance in the form of a " * * * standard operator's policy, containing an endorsement that the insurance coverage * * * did not apply: '(a) to any automobile owned by the named insured or a member of the same household * * *.' " The insurance company was

held responsible because it had certified to the Department of Public Safety that Goad's " * * * policy covered any situation in which Goad's negligent operation of any motor vehicle * * * caused injury to another."

■ Appellant Hurst maintains that after a motorist has had one accident he thereafter must carry insurance that qualifies as "proof of financial responsibility" under KRS 187.490. It is true that a statement in Travelers Insurance Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421 (1949), so indicated. However, we think the statutes make it clear that when a motorist is insured by an automobile liability policy complying with KRS 187.330 at the time of his first accident and proof of that insurance is properly supplied to the Department of Public Safety, he is not required to obtain for the future the kind of policy prescribed by KRS 187.490 for proof of financial responsibility.

■ In the case we are considering, Rogers was insured by a policy complying with KRS 187.330 when his first accident occurred; therefore, he was not required by the Act to show financial responsibility by obtaining a policy conforming with KRS 187.490. Cf. Travelers Insurance Co. v. Boyd, supra; and Kentucky Farm Bureau Mutual Insurance Co. v. Miles, Ky., 267 S.W.2d 928 (1954).

■ When the West American policy was issued, representations were made by its agent to Rogers that the policy met the provisions of the Financial Responsibility Law. These representations do not furnish the basis for an estoppel, because the policy did in fact meet all of the requirements of the Act that at that time were applicable to Rogers. Under the facts here existing, it is our opinion that the household-exclusion provision was effective as it was not contrary to the provisions of Chapter 187. Allen v. West American Insurance Co., Ky., 467 S.W.2d 123 (1971).

The judgment is affirmed.

All concur.