## RACHALL v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

### No. 4358.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

Joel L. Fletcher, of Colfax, for appellant.

John A. & James H. Williams, of Colfax, for appellee.

DREW, J.

Plaintiff brought suit on an insurance policy, alleging that he had lost one foot and was entitled to be paid therefor under the terms of the policy issued to him by the defendant company. He attached to and made part of his petition the policy of insurance.

Defendant filed an exception of no right and no cause of action, which was sustained by the lower court, and plaintiff has perfected an appeal to this court.

The policy in question provides that a certain amount shall be paid the main beneficiary in case of the death of the insured. It further provides for a weekly sick benefit in case of illness, and further as follows: "If the insured shall lose both hands at or above the wrist; or both feet at or above the ankle; or one hand and one foot at or above the wrist and ankle; or if the insured shall permanently lose the sight of both eyes, as a result either of accident or illness, due to a condition not caused or contributed to by venereal disease; or if the insured shall die within ninety days from date of injury as a result of accident sustained while riding as a regular passenger within any public conveyance operated for

the transportation of passengers; the Company will be liable for double the sum payable in event of death from natural causes, without deduction for any sickness or accident benefits previously paid, and the policy will mature and shall thereupon become cancelled and be surrendered and all liability for death, sickness, accident, insanity, dismemberment or other benefits thereunder shall cease."

It is under this last section of the policy that plaintiff contends he has a cause of action.

 There is nothing uncertain about the contract. There is no ambiguity. The language is plain and simple, and needs no interpretation. The contract of insurance is that, if the insured lost both feet at or above the ankle, he was to be paid a certain amount. If he lost only one foot, it is not covered by the contract. The defendant had the right to narrow its liability and to definitely fix the character of injury it insured against. It had the right to make its own contract, provided no principle of public policy was thereby contravened, and it is not within the province of the court to change its terms to meet what might be the equities of a particular case. The insurance policy is the contract between the insurer and the insured, and does not contravene any principle of public policy, and under no circumstance that we can imagine could the insurance company be made to pay for the loss of a member or an injury which is not covered by the policy.

The exception was correctly sustained by the lower court, and the judgment is affirmed, with all costs.