AYRES, Judge.
This is an action in tort wherein plaintiffs, father and mother of Barbara Joyce Weems Womack, seek to recover damages *322 for her death as well as damages vested in their daughter by reason of the prior death of her husband, David C. Womack, whose deaths occurred in an automobile accident on February 15, 1962, on U. S. Highway 80 in Lincoln Parish. Involved were the car of Ronald J. Kiefer, with whom Mr. and Mrs. Womack were riding, and the station wagon owned and driven by one William Thomas Livingston. Negligence charged to Kiefer allegedly constituted the sole, proximate cause of the accident. Kiefer, as well as Mr. and Mrs. Womack, was killed. Mrs. Womack’s death followed that of her husband. They had no children.
Made defendants were Mr. and Mrs. Bernard J. Kiefer, of Wisconsin,' the father and mother of Ronald J. Kiefer, his legal and presumptive heirs, who, however, were never served, and the International Automobile Insurance Exchange and the International Underwriters, Inc., public liability insurers of the Kiefer automobile.
The defendant insurers, through an appropriate motion, prayed for a summary judgment rejecting plaintiffs’ demands and dismissing their suit. This motion was predicated upon an exclusion of coverage in the insurance contract. This motion was sustained and there was judgment rejecting plaintiffs’ demands and dismissing their action. From this judgment, plaintiffs appealed.
The insurance contract upon which this action is brought declares that
“INTERNATIONAL AUTOMOBILE INSURANCE EXCHANGE
“In' consideration of the payments provided for in this policy and in reliance upon the statements in the Application, Declarations and Warranties and subject to the limits of liability, exclusions, conditions and other terms of this policy, the International Underwriters, Inc., Attorney-in-Fact for the Subscribers at International Automobile Insurance Exchange,, hereby agree with the Assured named in the Declarations,

“Insuring Agreements

“I COVERAGE A — Bodily Injury Liability. TO PAY ON BEHALF OF THE ASSURED all sums which the Assured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
“COVERAGE B — Property Damage Liability. TO PAY ON BEHALF OF THE ASSURED all sums which the Assured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.” (Italicizing of “subject” and “exclusions” ours.)
However, under the section relating to “exclusions,” it is declared that
“This policy does not apply:
í|í jjc %
“(e) under Coverages A and B, to any liability or obligation imposed upon the Assured or any company as his insurer by reason of any Workmen’s Compensation Law, or any claims for loss or damage arising from injuries to or death of an occupant of the Assured automobile, unless provided for by special endorsement attached hereto; * * (Emphasis supplied.)
There were no special endorsements attached to the policy.
If the language of the above-quoted • exclusionary clause is interpreted literally, no *323 coverage was afforded by the policy for loss or damage arising from injuries to or death of Mr. and Mrs. Womack as occupants of the insured Kiefer automobile. Plaintiffs, nevertheless, through a specification of errors, contend (1) that the language of the exclusionary clause is ambiguous and (2) that the policy is statutory and affords coverage to the extent of the minimum amount prescribed by the Safety Responsibility Law, LSA-R.S. 32:851 et seq.
In a doubtful case, a general rule prevails that the agreement is interpreted against the one who has contracted the obligation. LSA-C.C. Art. 1957.
An insurance policy is a contract and, under the rules established in the Civil Code, is to be interpreted as any other agreement. LSA-C.C. Art. 1945 et seq. However, if the language of the policy is clear and expresses the intent of the parties, the agreement is to be enforced as written. LSA-C.C. Arts. 1901, 1945; Albritton v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111.
Plaintiffs’ contention that the language of the exclusionary clause is ambiguous is predicated upon the grammatical construction of the clause wherein they contend that this clause relates exclusively to liability under the Workmen’s Compensation Law; that, consequently, the phrase “any claims for loss or damage arising from injuries to or death of an occupant of the Assured automobile” relates to any claim that an occupant of the car might have under the Workmen’s Compensation Law. Under such an interpretation, this clause would be meaningless and serve no purpose whatsoever, as the preceding clause, excluding coverage for workmen’s compensation, would extend to employees who would be otherwise entitled to such compensation even though they were occupants of the insured automobile. We find no ambiguity in the language employed because the section excludes, from liability, both workmen’s compensation claims and claims arising from injuries to or death of an occupant of the insured automobile.
Nor do we find any merit in plaintiffs’ second specification of error wherein it is contended that the insurance policy is statutory and, regardless of its language, affords the minimum coverage prescribed under the aforesaid Safety Responsibility Law. In Johnson v. Universal Automobile Insurance Ass’n (1960), La.App., 124 So.2d 580, the Court of Appeal for the Third Circuit had before it for consideration an identical exclusionary clause. In that regard, it was contended (1) that the exclusion was contrary to the public policy of this State and, therefore, unenforceable; (2) that the exclusion was contrary to the law of the State of Michigan, where the policy was issued, and, under its terms, automatically conformed to the statutes of Michigan, affording a cause of action against the insurers ; and (3) that coverage was afforded by a condition of the policy providing coverage in compliance with the provisions of any financial responsibility law of any state where applicable.
In disposing of the contentions thus made, our brethren of the First Circuit held that it is not against the public policy of this State for an automobile liability insurer to issue a policy excluding liability to an occupant of the insured vehicle; that, in the absence of statutory regulations to the contrary, insurers and their policyholders may contract for such limitations of the insurer’s liability as they wish; . and that the mere fact that there might have been a Michigan statute imposing liability upon the driver of an automobile for injuries to a guest passenger did not require an automobile liability policy issued in that State to provide coverage for loss or damage arising from injuries to or death of an occupant of the insured automobile. Nor did the fact that the policy contained provisions that insurance afforded by the policy should comply with such applicable financial responsibility laws render the insurer liable for injuries to or death of occupants in the insured auto *324 mobile under the laws of Louisiana. We are in accord with these pronouncements and so hold here.
For the reasons assigned, the judgment appealed is affirmed at plaintiffs-appellants’ cost.
Affirmed.