**MID–SOUTH INSURANCE COMPANY**

v.

**Leroy LEWIS, Noah Buie et al.**

**Civ. A. No. 9939.**

United States District Court
W. D. Louisiana,
Monroe Division.

Dec. 31, 1964.

Alex F. Smith, Jr., Mayer & Smith, Shreveport, La., for plaintiff.

Louis D. Smith, Hayes, Harkey & Smith, Monroe, La., Berry & Lee, Winnsboro, La., Henry Woods, McMath,

Leatherman, Woods & Youngdahl, Little Rock, Ark., J. Norman Coon, Jr., Coon & Coon, Monroe, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

By this suit Mid-South Insurance Company seeks a declaratory judgment that the automobile liability policy it issued to Carl E. Jones does not afford coverage for injuries sustained by defendants. Plaintiff now seeks a summary judgment to that effect.

Mid-South, an Arkansas corporation, issued the policy dated September 15, 1963, to Jones, a citizen of Arkansas. Defendants were injured October 13, 1963, when the automobile in which they were riding, owned and operated by Charles E. Lewis, collided with Jones' automobile near Tallulah, Louisiana. Made additional defendants in plaintiff's amended complaint are the survivors of Charles Edward Lewis, Bob Allen Perry and James Kelly Lewis, the driver and other passengers of the Lewis vehicle who were killed in the accident. The survivors and legal representatives of Jones and three passengers who were killed while riding in the Jones vehicle have been granted permission to intervene as defendants in this action.

The policy issued by plaintiff to Jones contained an exclusion reading as follows:

"This policy does not apply:

" * * *

"j. Under Coverages A and B, unless the named insured or additional named insured shall be in actual physical control of the named automobile, which shall mean that the named insured or the additional named insured must be under the steering wheel of the named automobile at the time of the accident, and no others."

Because of this exclusion and the fact that the policy does not contain the usual "omnibus clause," plaintiff contends that there is no coverage for this accident under the terms of the policy, since at the time of the accident Jones's car was being driven by Stanley W. Ross, Jr.[1]

Defendants contend that Louisiana law is applicable and that the quoted exclusion is contrary to the law and public policy of this State. They, therefore, urge that we regard the exclusion as not written, to strike it from the policy and to hold that the policy does afford coverage to the defendants for their injuries. In effect, defendants contend that Louisiana law requires inclusion of an omnibus clause in automobile liability policies insuring any vehicle involved in an accident in Louisiana.

■ Under Louisiana law (assuming its applicability[2]) insurance companies have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations. In the absence of a conflict with statute or public policy, courts are bound to give effect to limiting provisions if unambiguously expressed. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075 (1939); Phillips v. New Amsterdam Casualty Co., 193 La. 314, 190 So. 565 (1939); Hardee v. Southern Farm Bureau Casualty Insurance Co., 127 So.2d 220 (La.App. 3rd Cir. 1961); Perrodin v. Thibodeaux, 191 So. 148 (La.App. 1st Cir. 1939); Rachall v. Life & Casualty Ins. Co. of Tennessee, 145 So. 779 (La.App. 2d Cir. 1933). See also, 7 Appleman, Insurance Law and Practice § 4255.

For example, Louisiana courts have upheld policy provisions which excluded coverage from (1) accidents occurring outside a military reservation (Kennedy v. Audubon Insurance Co., 82 So.2d 91 [La.App. 1st Cir. 1955]); (2) accidents

---

1. Under the terms of the policy the insured was C. E. Jones, and the only named additional insured was B. R. Jones. Therefore, Ross was not a named insured under the policy.

2. Neither party contends Arkansas law is applicable in this case.

which occurred when the automobile was being driven by a person under a certain age (Phillips v. New Amsterdam Casualty Co., supra); and (3) injuries to occupants of the assured automobile (Weems v. International Automobile Insurance Exchange, 159 So.2d 321 [La. App. 2d Cir. 1963]; Johnson v. Universal Automobile Insurance Association, 124 So.2d 580 [La.App. 3rd Cir. 1960]).

Unless it is shown, then, that the exclusionary provision of the policy here in question is in conflict with either a statute or the public policy of Louisiana, we must uphold the exclusion.

Defendants contend that the Louisiana Motor Vehicle Safety Responsibility Law (LSA–R.S. 32:851 [1950] et seq.) requires the inclusion of an omnibus clause in liability policies issued by insurance companies which have filed a certificate as required by LSA–R.S. 32:899 (1950). The record indicates that plaintiff filed with the Financial Responsibility Division of the Louisiana Department of Public Safety an application to have its financial responsibility notices of insurance recognized as evidence of insurance. In that application plaintiff appointed the Superintendent of the Louisiana Department of Public Safety as its agent for service of process in any action arising out of an automobile accident occurring in Louisiana.[3]

The Louisiana Safety Responsibility Act consists of three parts. In addition to the general provisions contained in the first part, the second part deals with the security that must be posted by a driver or owner *after* an accident. LSA–R.S. 32:871–32:878 (1950). This security, required in lieu of suspension of the driver's license of the owner or operator of the automobile involved in the accident, may be satisfied by showing that the owner had an automobile liability policy in effect at the time of the accident. LSA–R.S. 32:872 (1950); Kennedy v. Audubon Insurance Co., supra.

■ The third part of the Act requires a driver or operator who has been cast in judgment as a result of an accident, which judgment remains unsatisfied, to post "proof of financial responsibility" to avoid suspension of his driver's license. This "proof of financial responsibility" is to cover his liability in any future accident occurring within a specified period of time, and it may be satisfied by posting a "motor vehicle liability policy." LSA–R.S. 32:891–32:909 (1950). Thus a Louisiana motorist is required to carry liability insurance only *after* he has been involved in an accident and has not satisfied a judgment against him. New Zealand Insurance Co. v. Holloway, 123 F.Supp. 642 (W.D.La.1954); Johnson v. Universal Automobile Insurance Association, supra; Kennedy v. Audubon Insurance Co., supra.

■ The provisions relied on by defendants as requiring the inclusion of an omnibus clause are applicable only to policies which are certified under Sections 899 and 900, and these sections only apply when the driver has had an accident and has been cast in an unsatisfied judgment. They are, therefore, not applicable to the instant policy, and we need not decide whether these provisions require the inclusion of an omnibus clause in policies to which they are applicable.

■ Since we have found no statute requiring this Court to void the exclusionary provision in the policy before us, we must now determine whether the exclusion conflicts with any public policy of this State. Defendants rely on jurisprudence indicating that the public pol-

3. Under LSA–R.S. 32:899 (1950) this application and certificate, in addition to appointing the Commissioner of Public Safety as agent for service of process, must contain the agreement of the insurer that its policies shall be deemed to conform with the laws of Louisiana relating to the terms of motor vehicle liability policies. Section 900, subd. B (2) requires a motor vehicle liability policy to contain an omnibus clause.

The certificate filed by plaintiff did not contain an agreement that its policies shall be deemed to conform to the laws of Louisiana relating to motor vehicle policies.

icy as expressed in the Louisiana Direct Action Statute, LSA–R.S. 22:655 (1950) is that a liability insurance policy is issued primarily for the protection of the public rather than for the protection of the insured. Lewis v. Manufacturers Casualty Ins. Co., 107 F.Supp. 465 (W.D. La.1952); Buxton v. Midwestern Ins. Co., 102 F.Supp. 500 (W.D.La.1952); West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950); Musmeci v. American Automobile Insurance Co., 146 So.2d 496 (La.App. 4th Cir. 1962). We agree that the public policy is thus correctly stated, but in view of the authorities previously cited holding that insurance companies have the same right as individuals to limit their liability and to impose conditions on their obligations, we think this policy does not require an insurer to be held liable to a member of the public for a risk not contemplated by the parties to the insurance contract.

■ No Louisiana decision has been found settling the issue as to whether an omnibus clause is required in liability insurance policies. However, two cases have been found in which Louisiana policies containing no omnibus clauses were held to extend no coverage to accidents which occurred when a person other than the owner of the automobile was driving the car with the permission of the owner. Barrett v. Employers' Liability Assur. Corp., 118 F.2d 799 (5 Cir. 1941); Graham v. American Employers' Ins. Co., 171 So. 471 (La.App. 2d Cir. 1937). In neither case was the State's so-called public policy deemed to require the inclusion of an omnibus clause in the insurance contract.

If presented with the issue before us, we think Louisiana courts would follow the rule as stated in 45 C.J.S. Insurance § 829c(1):

"In the absence of a statute requiring the policy to contain greater coverage or a provision for extended coverage in the contract, the policy may restrict the coverage to liabilities arising only while insured is operating the motor vehicle."

While the omnibus clause is included in the standard automobile liability insurance policy, the Louisiana Insurance Code does not require the standard form for automobile liability insurance. Kennedy v. Audubon Insurance Co., supra. Nor is any other statutory authority shown to require the inclusion of such a clause.

In the absence of a statute requiring such inclusion and absent any legislative or judicial expression of public policy requiring such clause, we hold that the unambiguous exclusion in the policy before us is binding on the parties to the insurance contract and must be enforced by this Court. Under this exclusion plaintiff is entitled to a declaratory judgment that the policy does not afford coverage for the injuries sustained by defendants.

■ Since there appears to be no genuine issue as to any material fact, and since plaintiff is entitled to judgment as a matter of law, its motion for summary judgment is granted. F.R.Civ.P. 56(c).