BAILES, Judge.
Plaintiffs brought this action to recover special and general damages for the death of their minor son. They allege that their minor son’s death was proximately caused by the negligent operation of a Honda motor scooter or motorcycle on which vehicle he was riding as a guest passenger.
The defendant concerned in this phase of the proceeding is the National Fire and Marine Insurance Company. This latter party was the public liability insurer of the Plonda motorcycle.
This is an appeal by the plaintiffs from the judgment of the trial court granting summary judgment on motion of National Fire and Marine Insurance Company. We find the judgment of the trial court is correct, and accordingly, it is affirmed.
In its motion for summary judgment, the defendant alleges that “although said insurance policy contract, by its terms does cover a vehicle described as a T963 Honda 2-wheel motor scooter M#C110-334951,’ the policy contract specifically provides that * * this policy does not cover any liability for injuries to anyone riding on or in or driving the motor scooter, motor bike or motorcycle described in this policy. This endorsement supersedes any terms or conditions of the policy to which it is attached. * * ”
Plaintiffs complain that the trial court committed an error of law in granting the motion for summary judgment. They argue that while ordinarily, the provisions of an insurance contract is the law between the parties, that an established exception to this rule is that when the provi *67 sions of the policy run contrary to the law of the State of Louisiana the law of the State of Louisiana controls. The case of Webb v. Zurich Insurance Company (1968) 251 La. 558, 205 So.2d 398, is cited as supportive of their position. Plaintiffs argue that the second paragraph of LSA-R.S. 22:655 is the express law of this State which must override and nullify the exclusionary provision of the policy above set forth. This paragraph provides:
“It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; * * *.”
From our examination and appreciation of the above cited Webb case, we find nothing therein controlling, dispositive or even persuasive in a determination of the issue before us herein. Plaintiffs have cited to us no provision of the law of this State to which this exclusion is repugnant. As a matter of fact, the very provision of LSA-R.S. 22:655 quoted supra makes allowance for the terms and limits of the various policies. It provides “that all liability policies within their terms and limits are executed for the benefit of all injured persons, * * Further, plaintiffs do not state wherein the cited Webb case is controlling of the instant issue.
In the absence of any provision of law being in conflict with the exclusionary provision of the policy, and as there is no public policy against the provision, we must uphold and enforce the provisions of the exclusion.
This is not a case of first impression. We find the case of Weems v. International Automobile Insurance Exchange (La.App.1963) 159 So.2d 321 is squarely in point. Therein the defendant issued an automobile liability policy which by its provisions did not extend or provide coverage of any liability for loss or damage arising from injuries to or death of occupant of automobile.
The court stated:
“[2] An insurance policy is a contract and, under the rules established in the Civil Code, is to be interpreted as any other agreement. LSA-C.C. Art. 1945 et seq. Hs % H*
The language of the endorsement which excluded coverage is clear and expresses the intent of the parties, and the agreement is to be enforced as written. LSA-C.C. Articles 1901, 1945.
Also in point is the case of Johnson v. Universal Automobile Insurance Association (La.App.1960) 124 So.2d 580, in which the court stated:
“[1,2] With regard to plaintiff’s first argument, counsel has not cited nor have we found any authority for the proposition that it is against the public policy of the State of Louisiana for an insured (insurer) to issue a policy excluding liability as to an occupant of the insured vehicle. In the absence of statutory regulations to the contrary, insurers and their policy holders may contract for such limitations of the insurer’s liability as they wish. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72, 125 A.L.R. 1075; McDowell v. National Surety Corporation, La.App., 68 So.2d 189; Kennedy v. Audubon Insurance Company, La.App., 82 So.2d 91; Appleman, Insurance Law and Practice, Section 4412.”
For the reasons assigned above, the judgment appealed from is affirmed, at appellants’ cost.
Affirmed.